Phillip Denton Bieber
4627 Finley Ave 101 Los Angeles CA 90027-6602



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

PHILLIP DENTON BIEBER,
Plaintiff,

v.

**CV25-5666-SSS (JC)**

KAISER PERMANENTE, KAISER FOUNDATION HEALTH PLAN, INC.,
KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC.,
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, SCAN HEALTH PLAN,
and DOES 1-50,
Defendants.

Case No.: [TO BE ASSIGNED]

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DISABILITY DISCRIMINATION, AGE DISCRIMINATION,
GENDER DISCRIMINATION, RETALIATION, DENIAL OF ACCESS TO MEDICAL RECORDS,
AND FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

BENCH TRIAL REQUESTED (Plaintiff waives jury trial)

INTRODUCTION
1. Plaintiff PHILLIP DENTON BIEBER brings this action against Defendants KAISER PERMANENTE,
KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, THE PERMANENTE
MEDICAL GROUP, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, SCAN HEALTH PLAN,
and DOES 1-50 for violations of federal and California civil rights laws, including but not
limited to:
- Americans with Disabilities Act (ADA)
- Section 504 of the Rehabilitation Act
- Section 1557 of the Affordable Care Act
- HIPAA
- Age Discrimination Act of 1975
- California Unruh Civil Rights Act
- California Fair Employment and Housing Act (FEHA)
- Confidentiality of Medical Information Act (CMIA)
- Health and Safety Code section 123110
- California Government Code section 11135
- California Disabled Persons Act

2. Plaintiff alleges that Defendants discriminated against him based on disability, age, and gender,
retaliated against him for engaging in protected activity, tampered with his medical records,
denied access to care, and failed to provide reasonable accommodations.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, statutory damages,
attorneys' fees, and any other relief this Court deems just and proper.

JURISDICTION AND VENUE
4. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.
5. This Court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.
6. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in this District and Defendants do business here.

PARTIES
7. Plaintiff resides at 4627 Finley Avenue, Apt 101, Los Angeles, CA 90027. He is a disabled person under federal and state law.
8. Defendant KAISER PERMANENTE is a healthcare conglomerate based in Oakland, CA.
9. Defendant KAISER FOUNDATION HEALTH PLAN, INC. is a California corporation and federal fund recipient.
10. Defendant KAISER FOUNDATION HOSPITALS operates hospitals in Los Angeles County.
11. Defendant THE PERMANENTE MEDICAL GROUP, INC. operates in Northern California.
12. Defendant SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP operates in Los Angeles County.
13. Defendant SCAN HEALTH PLAN is a Medicare Advantage provider.
14. Defendants DOES 1-50 are unknown actors who will be named once identified.
15. Each Defendant acted as agent, employee, partner, joint venturer, or affiliate of the others.

EXHAUSTION OF REMEDIES
16. Plaintiff filed complaints with the Department of Justice, California Department of Public Health, Medical Board of California, and CMS.
17. Medicare authorized emergency plan transfers to SCAN and then Anthem Blue Cross on June 1, 2025.
18. Plaintiff has exhausted administrative remedies or is excused due to futility or inadequacy.

FACTUAL ALLEGATIONS
19. Plaintiff has antiphospholipid syndrome and other disabilities requiring anticoagulants.
20. He was a longtime Kaiser member.
21. Beginning in 2021, and continuing through 2025, Plaintiff faced a pattern of harm.
22. Kaiser failed to provide adequate care for his condition.
23. Kaiser discriminated based on age.
24. Kaiser provided worse care due to Plaintiff's gender.

2

25. Kaiser denied treatment, failed to coordinate care, retaliated with psychiatric labels, and mishandled medications.

26. As a result, Plaintiff experienced harm including weight loss, trauma, and breakdown of trust.

27. Plaintiff engaged in protected activity.

28. Kaiser retaliated with false diagnoses, denied access, escalated psychiatric responses, and flagged him as a threat.

29. Faith Ramirez implied Plaintiff was on a government watchlist.

30. Staff affiliated with AA circulated confidential information.

31. These actions caused social and financial harm.

32. Plaintiff lawfully requested records under HIPAA and state law.

33. Defendants denied access to unaltered records.

34. Defendants tampered with records, deleted entries, falsified data, and stripped metadata.

35. Plaintiff discovered the tampering within 180 days.

36. He suffered direct harm due to these acts.

37. Plaintiff requested accommodations for care, navigation, and access.

38. Kaiser refused without legal justification.

39. This failure caused medical instability and emotional distress.

40. Plaintiff was left without critical medications.

41. As of filing, Plaintiff remains untreated.

42. Defendants' conduct continues to cause harm.

43. Plaintiff remains at risk due to Defendants' violations.

FIRST CAUSE OF ACTION
Violation of Title II of the Americans with Disabilities Act
(42 U.S.C. §§ 12131–12134)
(Against All Defendants)

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Title II of the ADA and its implementing regulations prohibit discrimination on the basis of disability by public entities.

46. Defendants are public entities or instrumentalities of public entities within the meaning of Title II of the ADA.

47. Plaintiff is a qualified individual with a disability within the meaning of Title II of the ADA.

48. Defendants discriminated against Plaintiff by:
    a. Denying Plaintiff the benefits of their services, programs, and activities;
    b. Failing to provide Plaintiff with equal access to those services;
    c. Failing to provide reasonable accommodations;
    d. Retaliating against Plaintiff for asserting his rights under the ADA; and
    e. Engaging in other discriminatory conduct.

3

49. Defendants' conduct was intentional, willful, and in deliberate indifference to Plaintiff's rights.

50. As a result, Plaintiff suffered damages and ongoing harm.

51. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, and attorneys' fees.

SECOND CAUSE OF ACTION
Violation of Section 504 of the Rehabilitation Act of 1973
(29 U.S.C. § 794)
(Against All Defendants)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Section 504 and its regulations prohibit discrimination based on disability in programs receiving federal funding.

54. Defendants receive federal financial assistance, including Medicare and Medicaid funds.

55. Plaintiff is a qualified individual with a disability under the Rehabilitation Act.

56. Defendants discriminated against Plaintiff by:
    a. Denying participation in services;
    b. Failing to provide reasonable accommodations;
    c. Retaliating for protected conduct;
    d. Tampering with medical access due to disability.

57. These actions were willful and deliberate.

58. Plaintiff has suffered damages and losses.

59. Plaintiff seeks compensatory damages, equitable relief, and attorneys' fees.

THIRD CAUSE OF ACTION
Violation of Section 1557 of the Affordable Care Act
(42 U.S.C. § 18116)
(Against All Defendants)

60. Plaintiff incorporates all prior paragraphs.

61. Section 1557 prohibits discrimination based on disability, age, or sex in health programs receiving federal funds.

4

62. Defendants are covered entities under Section 1557.

63. Plaintiff is a disabled male over age 40 — all protected characteristics.

64. Defendants discriminated against Plaintiff by:
   a. Denying benefits of healthcare services;
   b. Refusing reasonable accommodations;
   c. Retaliating after Plaintiff asserted rights;
   d. Engaging in other discriminatory acts.

65. The discrimination was deliberate and harmful.

66. Plaintiff continues to suffer loss and injury.

67. Plaintiff seeks compensatory damages, injunctive relief, and attorneys' fees.

FOURTH CAUSE OF ACTION
Violation of the Health Insurance Portability and Accountability Act
(42 U.S.C. § 1320d et seq.)
(Against All Defendants)

68. Plaintiff incorporates all preceding paragraphs.

69. HIPAA and its regulations protect medical privacy and guarantee access to medical records.

70. Defendants are covered entities under HIPAA.

71. Defendants violated HIPAA by:
   a. Refusing full access to medical records;
   b. Tampering with clinical entries;
   c. Altering or concealing metadata;
   d. Disclosing PHI without consent.

72. These actions caused ongoing injury.

73. Plaintiff seeks injunctive and declaratory relief.

FIFTH CAUSE OF ACTION
Violation of the Age Discrimination Act of 1975
(42 U.S.C. §§ 6101–6107)
(Against All Defendants)

74. Plaintiff incorporates all prior paragraphs.

5

75. This Act prohibits age-based discrimination in federally funded programs.

76. Defendants receive Medicare and Medicaid funds.

77. Plaintiff is over 40 years of age and protected under the statute.

78. Defendants violated the Act by:
   a. Denying benefits due to age;
   b. Providing inferior treatment;
   c. Retaliating based on age complaints;
   d. Withholding accommodations for older patients.

79. Conduct was intentional and reckless.

80. Plaintiff has sustained emotional and medical harm.

81. Plaintiff seeks compensatory damages and full equitable relief.

SIXTH CAUSE OF ACTION
Violation of the Unruh Civil Rights Act
(California Civil Code §§ 51–53)
(Against All Defendants)

82. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

83. The Unruh Civil Rights Act prohibits discrimination by business establishments based on protected characteristics, including disability, age, and sex.

84. Defendants are business establishments under California law.

85. Plaintiff has disabilities, is over 40, and is male — each a protected class under the statute.

86. Defendants discriminated against Plaintiff by:
   a. Denying full and equal access to healthcare;
   b. Retaliating against Plaintiff;
   c. Providing inferior medical services compared to other patients.

87. Defendants' conduct was intentional and malicious.

88. Plaintiff has suffered financial loss, emotional distress, and loss of reputation.

89. Plaintiff seeks statutory damages (minimum $4,000 per violation), attorneys' fees, and other relief allowed by law.

SEVENTH CAUSE OF ACTION
Violation of the California Fair Employment and Housing Act (FEHA)
(California Government Code §§ 12900–12996)
(Against All Defendants)

90. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

91. FEHA prohibits discrimination and retaliation based on protected characteristics, including disability, age, and sex.

92. Defendants operate public accommodations subject to FEHA.

93. Plaintiff has protected characteristics as defined under FEHA.

94. Defendants violated FEHA by:
   a. Denying access to healthcare accommodations;
   b. Retaliating after Plaintiff asserted rights;
   c. Failing to provide accommodations without undue burden.

95. Defendants' acts were intentional and done with disregard for Plaintiff's rights.

96. Plaintiff has suffered physical and emotional injuries, financial loss, and loss of dignity.

97. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and attorney's fees.

EIGHTH CAUSE OF ACTION
Violation of California Government Code § 11135
(Against All Defendants)

98. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

99. California Government Code § 11135 prohibits discrimination in programs that receive state funding.

100. Defendants are recipients of state funds and subject to this statute.

101. Plaintiff is a disabled individual over the age of 40.

102. Defendants discriminated against Plaintiff by:
   a. Denying benefits of health programs;
   b. Refusing reasonable accommodations;
   c. Retaliating for asserting rights.

7

103. These acts were deliberate and unlawful.

104. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees.

NINTH CAUSE OF ACTION
Violation of the Confidentiality of Medical Information Act (CMIA)
(California Civil Code §§ 56–56.37)
(Against All Defendants)

105. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

106. The CMIA protects confidentiality of medical information and provides patients with the right to access records.

107. Defendants are covered providers under CMIA.

108. Defendants violated CMIA by:
    a. Denying Plaintiff access to full medical records;
    b. Tampering with those records;
    c. Failing to protect confidentiality;
    d. Disclosing protected health information without authorization.

109. Defendants' violations were willful and malicious.

110. Plaintiff has suffered ongoing injury, including emotional distress and reputational harm.

111. Plaintiff seeks actual and statutory damages, punitive damages not exceeding $3,000, attorney's fees, and other relief.

TENTH CAUSE OF ACTION
Violation of California Health and Safety Code § 123110
(Against All Defendants)

112. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

113. This law guarantees patients the right to access their medical records.

114. Defendants are healthcare providers within the meaning of the statute.

115. Defendants violated the statute by:
    a. Denying Plaintiff access to complete records;
    b. Failing to provide accurate or timely copies;
    c. Tampering with or concealing records and metadata.

116. Defendants' acts were intentional and without lawful justification.

117. Plaintiff seeks full declaratory and injunctive relief, compensatory damages, and costs.

ELEVENTH CAUSE OF ACTION
Violation of the California Disabled Persons Act
(California Civil Code §§ 54–55.32)
(Against All Defendants)

118. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

119. This Act protects the right of people with disabilities to equal access to public accommodations and services.

120. Defendants operate public services under this Act.

121. Plaintiff qualifies as disabled under the statute.

122. Defendants violated the Act by:
    a. Denying full and equal access to services;
    b. Refusing to provide reasonable accommodations;
    c. Retaliating against Plaintiff.

123. These violations were intentional.

124. Plaintiff has suffered harm as a result, including emotional, physical, and financial damages.

125. Plaintiff seeks statutory damages (no less than $1,000 per violation), compensatory damages, attorney's fees, and full injunctive relief.

TWELFTH CAUSE OF ACTION
Retaliation in Violation of Federal and California Civil Rights Laws
(Against All Defendants)

126. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

127. Plaintiff engaged in protected activity under ADA, Rehab Act, ACA, FEHA, and California law.

128. Defendants retaliated by:
    a. Adding retaliatory psychiatric diagnoses;
    b. Escalating psychiatric intervention without medical cause;
    c. Denying access to care and records;
    d. Spreading private information in recovery settings;

9

e. Tampering with clinical documentation to conceal wrongdoing.

129. These acts were carried out intentionally and with deliberate disregard for Plaintiff's civil rights.

130. Plaintiff suffered significant emotional trauma, financial harm, reputational damage, and loss of access to necessary care.

131. Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, attorney's fees, and all other available relief.

132. Defendants' conduct was malicious, oppressive, and carried out in conscious disregard for Plaintiff's rights.

133. As a result, Plaintiff continues to suffer ongoing injury and disability-related harm.

134. Plaintiff is entitled to relief under each cited authority, including costs, interest, fees, and full injunctive remedy.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against all Defendants as follows:

1. Declaratory judgment that Defendants' conduct violated federal and California civil rights laws;

2. Injunctive relief requiring Defendants to:

a. Release Plaintiff's complete, unredacted medical records, including audit logs and metadata;

b. Cease and desist all future communication with Plaintiff, including automated re-enrollment contact;

c. Cease and desist from all discrimination, retaliation, or dissemination of false or defamatory information;

d. Provide Plaintiff with any accommodations required for continuity of care outside of the Kaiser system;

e. Permanently flag Plaintiff's file to prohibit future Kaiser-affiliated psychiatric or behavioral health contact;

10

f. Implement structural oversight and enforce safeguards for disability rights compliance.

3. Monetary relief in the following amounts:

a. $7,590,000 in compensatory damages for emotional distress, reputational harm, financial loss, and medical negligence;

b. $4,000,000 in special damages for relocation, construction, and housing costs;

c. $100,000 for unrestricted vehicle allowance;

d. $2,000,000 for medical file obstruction and record tampering;

e. Lifetime property tax payments on Plaintiff's primary residence;

f. Lifetime a la carte medical care with no Kaiser oversight or interference;

g. Tax gross-up adjustment to ensure Plaintiff receives full net value of awarded compensation;

h. Legal indemnification for all future third-party claims related to this litigation or enforcement.

4. Punitive damages in an amount to be determined at trial;

5. Statutory damages under all applicable provisions of federal and California law;

6. Full award of all attorneys' fees, filing fees, and court costs;

7. Pre-judgment and post-judgment interest as permitted by law;

8. Permanent injunctive orders outlined below:

a. **Mandatory termination of all psychiatric/behavioral staff who interacted directly with Plaintiff** at the Kaiser Permanente LA Sunset Medical Plaza, including but not limited to:
- Dr. Anders Waalen
- Dr. Francisco Franco-Gonzalez
- Faith Ramirez, LCSW
- Dr. Francesco Notarfrancesco (Clinical Director of Psychiatry)
- All supporting directors, call center agents, and clinicians who engaged in or facilitated discrimination, retaliation, or medical manipulation;

b. **Forced outsourcing of Psychiatry and Behavioral Health departments** at LA Sunset Medical Plaza in response to systemic failure;

 c. **Termination of Kaiser's assigned legal counsel** for failure to respond to multiple formal inquiries and litigation notices, with referral to the California State Bar for disbarment review;

 d. **Termination of Member Services staff** who mocked or retaliated against Plaintiff;

 e. **Kaiser Permanente to indemnify Plaintiff** against any legal claims, costs, or proceedings resulting from the above terminations or organizational changes.

9. Penalty enforcement clause:

 a. Each future instance of unsolicited contact from Kaiser Permanente — including emails, phone calls, texts, mail, or online messages — shall trigger an automatic **$1,000,000 penalty per occurrence**, payable directly to Plaintiff;

 b. Each act of retaliation, record tampering, public discreditation, or indirect intimidation shall result in an **additional $1,000,000 penalty per incident**, without further judicial motion;

10. Any other and further relief that the Court deems just and proper.

TRIAL DESIGNATION
Plaintiff waives jury trial and respectfully requests a bench trial pursuant to Federal Rule of Civil Procedure 39(a)(1).

Dated: June 20, 2025

Respectfully submitted,

/s/ Phillip Denton Bieber
Phillip Denton Bieber, Pro Se
4627 Finley Avenue, Apt 101
Los Angeles, CA 90027

12

JS 44 (Rev. 10/20)
CIVIL COVER SHEET

I. (a) PLAINTIFF
Phillip Denton Bieber
4627 Finley Avenue, Apt 101
Los Angeles, CA 90027

(b) DEFENDANTS
Kaiser Permanente, Kaiser Foundation Health Plan, Inc.,
Kaiser Foundation Hospitals, The Permanente Medical Group, Inc.,
Southern California Permanente Medical Group, SCAN Health Plan, and Does 1–50

(c) County of Residence of First Listed Plaintiff: Los Angeles
County of Residence of First Listed Defendant: Alameda (for Kaiser HQ)

II. BASIS OF JURISDICTION
☒ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government not a party)

III. CITIZENSHIP OF PRINCIPAL PARTIES
Plaintiff: Citizen of California
Defendants: Corporations or Entities based in California

IV. NATURE OF SUIT (check one box only)
☒ 440 Civil Rights: Other
☒ 445 Americans with Disabilities – Employment
☒ 446 Americans with Disabilities – Other
☒ 790 Other Labor Litigation
☒ 891 Medical Record Access
☒ 893 Medicare Act

V. ORIGIN
☒ 1 Original Proceeding

VI. CAUSE OF ACTION
Violation of ADA, Rehabilitation Act, ACA § 1557, HIPAA, CMIA, and related civil rights laws.

VII. REQUESTED IN COMPLAINT
☒ Monetary Demand over $9,000,000
☒ Injunction
☒ Declaratory Judgment
☒ Jury Demand: ☐ Yes ☒ No (bench trial only)

13

VIII. RELATED CASE(S) IF ANY:
None known

Date: June 20, 2025
Signature: /s/ Phillip Denton Bieber

14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Phillip Denton Bieber, Plaintiff
v.
Kaiser Permanente, et al., Defendants

Case No. [To Be Assigned]

DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, Phillip Denton Bieber, declare:

1. I am the plaintiff in this action and unable to pay the filing fee.

2. My current monthly income is approximately $1,490 from Social Security Disability Insurance (SSDI).

3. I operate as a California Notary Public, earning no more than $20,000 annually, with irregular income. I dedicate approximately 15% of my work to pro bono service.

4. I do not own real estate, savings, stocks, or other assets.

5. I have no ability to pay filing costs or retain legal counsel.

6. I request that the Court waive all associated filing fees so I may proceed in this matter without financial obstruction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June, 2025, in Los Angeles, California.

Signature: _____
Phillip Denton Bieber
4627 Finley Avenue, Apt 101
Los Angeles, CA 90027

15

**ADDENDUM TO COMPLAINT**

Clarification and Consolidation of Prayer for Relief

U.S. District Court – Central District of California

I, Phillip Denton Bieber, submit this sworn addendum to clarify and reinforce the scope and structure of my requested relief as outlined in my formal complaint against Kaiser Permanente and related parties.

**I. General and Compensatory Relief Request – Non-Litigation Tier**

If the matter is resolved without court adjudication, I respectfully request:

**Base General Damages:**

- $7,590,000.00 for emotional distress, reputational harm, loss of income, and medical neglect

**Line-Item Compensatory Requests:**

- $4,000,000.00 home purchase and relocation allowance (inclusive of real estate taxes and transfer costs)

- $100,000.00 vehicle acquisition and mobility stabilization allowance

- $2,000,000.00 for manipulation, obstruction, and concealment of medical records and digital audit logs

- Lifetime à la carte medical access outside Kaiser network

- Lifetime primary residence property tax coverage

- Tax gross-up provision, to ensure Plaintiff receives full post-tax value of any financial award

- Full legal indemnification for any related third-party claims or medical reprisals

These amounts reflect actual personal, occupational, and psychological damage and are presented in good faith as a non-punitive settlement tier.

17

## II. Litigation Relief Request – Trial or Judicial Ruling Tier

If this matter proceeds through trial or formal court adjudication, I am formally requesting a total
award of:

$35,000,000.00 (Thirty-Five Million Dollars)

This represents a consolidated, final claim encompassing general, compensatory, and punitive
damages, including but not limited to:

- Years of life expectancy reduced due to medical obstruction
- Long-term psychiatric damage resulting from defamation and discreditation
- Business collapse and future earnings suppression
- Willful ADA interference, unlawful psychiatric profiling, and care denial
- Sabotage of digital infrastructure, home life, and community standing
- Psychological abuse through record falsification and misclassification
- Permanent loss of trust in institutional care

In either scenario—whether this matter is resolved before court or fully tried—I respectfully
request the following be awarded by the Court in full:

**Universal Enforcement Across Tiers:**

- Court filing fees and legal costs to be paid by Defendant(s)

- All damages adjusted via tax gross-up to ensure full receipt by Plaintiff

- Any injunctive relief or institutional corrective action this Court deems appropriate

This clarification is submitted to prevent ambiguity regarding the relief sought. I ask that the Court recognize this structure as part of my sworn record, and that any Defendant(s) be held to full financial responsibility under the principles of compensatory and punitive recovery.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

June 20, 2025

Los Angeles, CA

**EXHIBIT A**

CONFIDENTIAL

Medical File Tampering, Retaliatory Conduct, and Misrepresentation by Dr. Matthew C. Welzenbach

Description:

This exhibit contains documentation of medical record tampering, retaliatory psychiatric notations, and unethical clinical behavior by Dr. Matthew C. Welzenbach and affiliated Kaiser Permanente staff. Included are patient-provider messages, metadata exports, clinical note discrepancies, and screenshots from Kaiser's electronic health record (EHR) as accessed by the Plaintiff through Apple Health integration.

Materials demonstrate:

- The creation of a clinical note labeled "Telephone Encounter" on April 23, 2025, despite no actual call or contact occurring.

- This note was written immediately after Plaintiff requested Dr. Welzenbach report possible abuse, which he refused to do.

- Retaliatory psychiatric implications were inserted without basis, and the note falsely implied a patient-initiated encounter.

- The record was authored and electronically signed solely by Dr. Welzenbach.

- No mandatory reporting obligations under [California Welf. & Inst. Code § 15630] were followed.

- Shortly thereafter, Plaintiff's access to kp.org was terminated, and the full medical file was reduced from over 1,400 pages to under 350 in the portal version.

- Key diagnostic records, messages, and timestamps were removed or redacted.

- Screenshots and side-by-side comparisons show records before and after this alteration.

20

Page Count: 26

Custodian of Record: Kaiser Permanente, Southern California Region

Source Accessed By Plaintiff: Apple Health Records (downloaded via iOS patient portal link)

Confidentiality Status: CONFIDENTIAL (subject to HIPAA/CMIA)


Handling Instructions:

Plaintiff respectfully requests this exhibit be:


- Clearly marked "CONFIDENTIAL" on the exhibit index and each page;

- Filed under seal if required by court;

- Reviewed only by the Court, opposing counsel, and authorized parties under protective order;

- Not publicly docketed or shared outside the context of this litigation.


Authentication Statement:

This exhibit is a true and accurate reproduction of records exported from Plaintiff's personal Apple Health record archive, originally sourced from Kaiser Permanente's EHR. Full audit logs and unaltered metadata have been requested but not produced. Exhibit A is unedited and preserved in original download format, except where personal identifiers have been redacted.


Special Note:

Plaintiff asserts that Dr. Matthew Welzenbach's conduct constitutes retaliation under federal disability law and breaches California's medical privacy and mandatory reporting statutes. The false psychiatric note, the subsequent data suppression, and denial of access to essential health

21

information form a cornerstone of this complaint and demonstrate a coordinated pattern of misconduct by Kaiser Permanente's Sunset Medical Plaza psychiatric staff.

22

WELZENBACH DISCOVERY

On April 23, 2025, a clinical note labeled as a "Telephone Encounter" was entered into my
medical record at Kaiser Permanente by Dr. Matthew C. Welzenbach. This entry occurred
immediately after I attempted to report harassment and abuse by staff in the psychiatry
department. Contrary to its label, there was no telephone conversation, interaction, or clinical
event on that date. The note contains stigmatizing and speculative statements about my mental
health, including the suggestion that I be considered for involuntary inpatient psychiatric
evaluation—without any assessment, direct contact, or my consent. Notably, Dr. Welzenbach is
listed both as the author and the authenticator of the note, validating his own statements within
five minutes of creation, with no oversight or secondary review. This entry lacks any reference to
the complaints I raised, and instead appears designed to discredit and silence me.

The timing and content of the note, along with its structure, raise serious concerns about
retaliation, misrepresentation, and falsification of medical documentation. The apparent misuse
of the Electronic Health Record (EHR) to insert unsupported psychiatric labels and suppress a
protected complaint may violate both the Health Insurance Portability and Accountability Act
(HIPAA) and California's Confidentiality of Medical Information Act (CMIA). Under 45 C.F.R.
§ 164.524, I have a legal right to inspect and obtain copies of all records in the designated record
set used to make decisions about me. Under Cal. Civ. Code § 56.10, I have the right to access my
medical information and be free from discriminatory or retaliatory use of such records. Despite
repeated lawful requests, Kaiser Permanente's legal department has refused to provide me with
either an unaltered or redacted version of this record, citing no valid legal justification.

This refusal to comply with both state and federal law, combined with the self-authenticated,
potentially retaliatory nature of the note, calls into question the integrity of the recordkeeping
process. I am requesting that the court compel the production of the complete, original, and
unaltered documentation, including all associated audit logs, access histories, and version
controls, and that it take notice of the legal violations involved in the current denial of access.

23

SOURCECODE

```
"{
  "id" : "e3jxELBBuIeMDuUiLP.DXF4PGm8m3baAX9jGMauH6G143",
  "generalPractitioner" : [
    {
      "type" : "Practitioner",
      "reference" : "Practitioner/eQek-uwPd.EzlIYESxdW8B8L-ZLssy8MwqoU6OLgPFVg3",
      "display" : "MATTHEW C WELZENBACH MD"
    },
    {
      "type" : "Practitioner",
      "reference" : "Practitioner/ePG86fPVHIetKyMTxcvNsri9dMifTIw88YNHmIEvKcys3",
      "display" : "VENKAT SAI MOKKAPATI MD"
    }
  ],
  "birthDate" : "1978-06-07",
  "resourceType" : "Patient",
  "active" : true,
  "telecom" : [
    {
      "use" : "home",
      "system" : "phone",
      "value" : "213-677-7610",
      "rank" : 1
    },
    {
      "use" : "work",
      "system" : "phone",
      "value" : "818-660-9312 x000000",
      "rank" : 2
    },
    {
      "use" : "mobile",
      "system" : "phone",
      "value" : "323-522-3336",
      "rank" : 3
    },
    {
      "system" : "other",
      "value" : "323-522-3336",
      "rank" : 5
    },
```

24

```
    {
      "system" : "email",
      "value" : "noemailforyou@kp.org",
      "rank" : 1
    },
    {
      "system" : "email",
      "value" : "philbieber78@gmail.com"
    },
    {
      "system" : "email",
      "value" : "phillip@phillipbieber.com"
    },
    {
      "system" : "email",
      "value" : "phillipbieber@gmail.com"
    }
  ],
  "contact" : [
    {
      "telecom" : [
        {
          "system" : "phone",
          "value" : "805-252-4270",
          "use" : "home"
        }
      ],
      "relationship" : [
        {
          "text" : "Partner",
          "coding" : [
            {
              "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.827665.1000",
              "display" : "Partner",
              "code" : "35"
            }
          ]
        }
      ],
      "name" : {
        "use" : "usual",
        "text" : "JEFF MILLER (MD)"
      },
```

```json
    "period" : {
     "start" : "2022-03-01"
    }
   },
   {
    "address" : {
     "use" : "work",
     "country" : "USA"
    },
    "organization" : {
     "display" : "DISABLED"
    },
    "relationship" : [
      {
       "coding" : [
         {
          "system" : "http://terminology.hl7.org/CodeSystem/v2-0131",
          "display" : "Employer",
          "code" : "E"
         }
       ]
      }
    ]
   }
  ],
  "deceasedBoolean" : false,
  "maritalStatus" : {
   "text" : "Common Law"
  },
  "address" : [
   {
    "use" : "home",
    "city" : "LOS ANGELES",
    "district" : "LOS ANGELES",
    "postalCode" : "90027-6602",
    "country" : "USA",
    "line" : [
      "4627 FINLEY AVE APT 101"
    ],
    "state" : "CA"
   },
   {
    "use" : "old",
```

26

        "city" : "LOS ANGELES",
        "district" : "LOS ANGELES",
        "postalCode" : "90027",
        "country" : "USA",
        "line" : [
          "4627 FINLEY AVE APT 303"
        ],
        "state" : "CA"
      },
      {
        "use" : "old",
        "line" : [
          "4627 FINLEY AVE APT 303"
        ],
        "state" : "CA",
        "city" : "LOS ANGELES",
        "country" : "USA",
        "postalCode" : "90027-6603"
      },
      {
        "use" : "old",
        "line" : [
          "4627 FINLEY AVE APT 101"
        ],
        "state" : "CA",
        "city" : "LOS ANGELES",
        "country" : "USA",
        "postalCode" : "90027-6602"
      }
    ],
    "communication" : [
      {
        "preferred" : true,
        "language" : {
          "text" : "English",
          "coding" : [
            {
              "system" : "urn:ietf:bcp:47",
              "display" : "English",
              "code" : "en"
            }
          ]
        }

27

```json
      }
    ],
    "extension" : [
      {
        "valueCodeableConcept" : {
          "coding" : [
            {
              "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.10.698084.130.768080.39128",
              "display" : "male",
              "code" : "male"
            }
          ]
        },
        "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/legal-sex"
      },
      {
        "url" : "http://hl7.org/fhir/us/core/StructureDefinition/us-core-birthsex",
        "valueCode" : "M"
      },
      {
        "url" : "http://hl7.org/fhir/us/core/StructureDefinition/us-core-race",
        "extension" : [
          {
            "valueCoding" : {
              "system" : "urn:oid:2.16.840.1.113883.6.238",
              "display" : "White",
              "code" : "2106-3"
            },
            "url" : "ombCategory"
          },
          {
            "valueString" : "White",
            "url" : "text"
          }
        ]
      },
      {
        "url" : "http://hl7.org/fhir/us/core/StructureDefinition/us-core-ethnicity",
        "extension" : [
          {
            "valueCoding" : {
              "system" : "urn:oid:2.16.840.1.113883.6.238",
              "display" : "Not Hispanic or Latino",
```

28

```
        "code" : "2186-5"
      },
      "url" : "ombCategory"
    },
    {
      "valueString" : "Not Hispanic or Latino",
      "url" : "text"
    }
  ]
 }
],
"managingOrganization" : {
  "display" : "Southern California Region",
  "reference" : "Organization/eIdQYBU7Z.0l2eIpf5f.LHQ3"
},
"gender" : "male",
"name" : [
  {
    "use" : "official",
    "text" : "Phillip Bieber",
    "family" : "Bieber",
    "given" : [
      "Phillip"
    ]
  },
  {
    "use" : "usual",
    "text" : "Phillip Bieber",
    "family" : "Bieber",
    "given" : [
      "Phillip"
    ]
  }
]
}"
```

Example 1
Tampering/Unnecessarily Altering of File

Source-code

```
"{
  "id" : "eQ7saYURb0qvpzAoO-yHA4QYwsXEeDiyG.qFknSa.sWo3",
```

29

```
"category" : [
  {
    "text" : "Clinical Note",
    "coding" : [
      {
        "system" : "http://hl7.org/fhir/us/core/CodeSystem/us-core-documentreference-category",
        "display" : "Clinical Note",
        "code" : "clinical-note"
      }
    ]
  }
],
"subject" : {
  "display" : "Bieber, Phillip",
  "reference" : "Patient/e3jxELBBuIeMDuUiLP.DXF4PGm8m3baAX9jGMauH6G143"
},
"resourceType" : "DocumentReference",
"author" : [
  {
    "type" : "Practitioner",
    "reference" : "Practitioner/eudwG8uaOrdbXvYnddH5EY6OuymC5PI1.HTHTpdeDSdU3",
    "display" : "MATTHEW C WELZENBACH MD"
  }
],
"authenticator" : {
  "reference" : "Practitioner/eudwG8uaOrdbXvYnddH5EY6OuymC5PI1.HTHTpdeDSdU3",
  "display" : "MATTHEW C WELZENBACH MD",
  "type" : "Practitioner",
  "extension" : [
    {
      "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-
authentication-instant",
      "valueDateTime" : "2025-04-23T22:06:15Z"
    }
  ]
},
"context" : {
  "extension" : [
    {
      "valueCodeableConcept" : {
        "text" : "Physician",
        "coding" : [
          {
```

```
            "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.836982.1040",
            "display" : "Physician",
            "code" : "1"
          },
          {
            "system" : "urn:oid:2.16.840.1.113883.6.101",
            "display" : "Internal Medicine (no specialty)",
            "code" : "207R00000X"
          }
        ]
      },
      "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-author-
provider-type"
    }
  ],
  "period" : {
    "start" : "2025-04-23T22:01:44Z"
  },
  "encounter" : [
    {
      "reference" : "Encounter/eoLkkGX6a6Λ4satciGUNoSg3",
      "display" : "Patient Message",
      "identifier" : {
        "use" : "usual",
        "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.3.698084.8",
        "value" : "1458405921"
      },
      "extension" : [
        {
          "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/ce-encounter-id",
          "valueIdentifier" : {
            "use" : "usual",
            "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.698084.15",
            "value" : "216320887295"
          }
        }
      ]
    }
  ]
},
"type" : {
  "text" : "Telephone Encounter",
  "coding" : [
```

31

```
      {
        "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.737880.5010",
        "display" : "Telephone Encounter",
        "code" : "36"
      },
      {
        "system" : "urn:oid:1.2.840.114350.1.72.727879.69848980",
        "display" : "Telephone Encounter",      '
        "code" : "36"
      },
      {
        "code" : "34748-4",
        "system" : "http://loinc.org",
        "display" : "Telephone Encounter",
        "userSelected" : true
      },
      {
        "system" : "http://loinc.org",
        "display" : "Note",
        "code" : "34109-9"
      }
    ]
  },
  "identifier" : [
    {
      "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.2.727879",
      "value" : "3585404560"
    },
    {
      "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.727879.11",
      "value" : "2161868317234"
    },
    {
      "system" : "urn:oid:1.2.840.114350.1.72.3.15",
      "value" : "1.2.840.114350.1.13.122.2.7.3.727879.11_2161868317234"
    }
  ],
  "docStatus" : "final",
  "date" : "2025-04-23T22:01:44Z",
  "custodian" : {
    "display" : "Kaiser Permanente Southern California",
    "identifier" : {
      "system" : "urn:ietf:rfc:3986",
```

32

```
            "value" : "urn:kp:prodcescal"
          }
        },
        "status" : "current",
        "content" : [
          {
            "attachment" : {
              "contentType" : "text/html",
              "url" : "Binary/eKJqOiHG-6DIrd0Fhn6ZiIWXHe-41vNSlbNYEZAOYccg3"
            },
            "format" : {
              "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",
              "display" : "mimeType Sufficient",
              "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"
            }
          },
          {
            "attachment" : {
              "contentType" : "text/rtf",
              "url" : "Binary/fu9WsS0KTJcx-P3nLJSyvB7zTW7dAjISuBaLLu3g-lNo4"
            },
            "format" : {
              "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",
              "display" : "mimeType Sufficient",
              "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"
            }
          }
        ]
      }"
```

02:57   02:58

‹ Browse          Export PDF      ‹ Back      **Clinical Note**

## April 23, 2025

## Clinical Notes

📝 Telephone Encounter

Recorded — MATTHEW C WELZENBACH MD

## April 21, 2025

## Clinical Notes

📝 Telephone Encounter

Recorded — KIMBERLY A MARTINEZ LVN

📝 Telephone Encounter

Recorded — KIMBERLY A

### Telephone Encounter

Recorded Apr 23, 2025 at 22:01

Page 1 of 1

### Telephone Encounter

Recorded Apr 23, 2025 at 22:01

Status
Current

 

Summary    Sharing    Browse          Summary    Sharing    Browse

34

02:58    

# Telephone Encounter ⌄    Done

 1 of 1

Attempting to coordinate care for this complex patient. He needs to be on anticoagulation, preferable warfarin given his diagnosis of antiphospholipid syndrome. However, patient refuses to do INR checks, so this is not a safe option. Offered DOACs but patient declines. Also unclear what, if any, psychiatric medications he is taking. Consulted his psychiatrist to see if he qualifies for involuntary inpatient treatment, but this doesn't seem to be the case. Will not encourage the inappropriate comments that he sends by responding to them, but will instead continue to try setting up an appointment for discussion. Initially scheduled for 4/30, but patient has since canceled. Will have nursing staff reach out to see if we can reschedule.

**Nursing Staff: please reach out to patient to see if he's willing to schedule a follow up visit with me. TAV or F2F are both fine.**

    Open in Acrobat        

‹ Back    **Clinical Note**

## Telephone Encounter

Recorded Apr 23, 2025 at 22:01

Status
**Current**

Category
**Clinical Note**

Author
**MATTHEW C WELZENBACH MD**

Created
**Apr 23, 2025 at 22:01**

## Alternate Names

FHIR Source Text
**Telephone Encounter**

Other
**Telephone Encounter**

Other
**Telephone Encounter**

LOINC Code 34748-4
**Telephone Encounter**

LOINC Code 34109-9
**Note**

## Data Source



**Kaiser Permanente**
KP Southern California...
Phillip Bieber, June 7, 1978 (47 years old)

## FHIR Source Data





Summary    Source    Browse

41 / 162

36

**Online Complaint Summary**

5/24/25 4:15 PM                                                      Page 1 of 5

Board:                          **Medical Board of California**

License Type:                   **Physician's and Surgeon's**

Complaint Number:               **8002025118235**

Incident Date:                  **04/25/2025**

37

Description:

I am submitting a formal complaint regarding Dr. Matthew C. Welzenbach, M.D., of Kaiser Permanente Southern California. I am a patient protected under the Americans with Disabilities Act (ADA) and have a documented history of antiphospholipid syndrome, which requires continuous and closely managed anticoagulation care.

Between March and May 2025, I raised several serious concerns to Dr. Welzenbach regarding systemic mistreatment, gaps in life-sustaining care, and emotional distress I experienced under Kaiser's network. On at least three occasions, I directly asked Dr. Welzenbach to report these concerns to appropriate external agencies. Though he initially acknowledged their seriousness and offered support, he failed to take the mandatory steps expected of a physician under California law, including reporting suspected harm to Adult Protective Services or other protective entities.

Instead, in a progress note dated in late April 2025, Dr. Welzenbach documented that he had consulted with Psychiatry to assess whether I qualified for involuntary inpatient commitment—a step I believe was inappropriate and retaliatory. The psychiatrist ultimately advised that inpatient care was not viable, confirming that no psychiatric emergency or criteria were met. This attempt, though unsuccessful, caused significant psychological harm and appeared designed to discredit or neutralize my legitimate medical concerns.

Additionally, the care plan misrepresented my decisions. Dr. Welzenbach stated that I had "refused" INR testing and DOACs; however, I had specifically requested less invasive INR options and voiced legitimate concerns about DOAC suitability. Despite these requests, I was never once offered Lovenox, a standard anticoagulant alternative used in bridging protocols or for patients who cannot undergo warfarin-based INR monitoring.

Furthermore, I have discovered that my medical record—originally over 1,400 pages—has been redacted in the Kaiser patient portal to under 350 pages, with numerous physician notes and communications now missing. I have serious concerns about record tampering and

38

withholding of information. This further
compounds the harm and erodes any
remaining trust I had in the institution's
internal handling of patient rights and
accountability.

Dr. Welzenbach's inaction, misrepresentation
of my clinical requests, and initiation of
psychiatric evaluation without clear cause
reflect significant lapses in clinical judgment,
ethical responsibility, and patient advocacy. I
respectfully request the Board review this
case for disciplinary consideration.

**Incident Address**

| | |
|---|---|
| Business Name/Facility Name: | **Kaiser Permanente** |
| Address Line 1: | **4900 W Sunset Blvd** |
| City: | **Los Angeles** |
| State: | **California** |
| Zip: | **90027** |
| Hospital: | **Yes** |
| Home: | **No** |
| Other: | **Yes** |
| If you responded 'Yes' to the previous question, please provide a description of the location of the incident. | **The event deals with clinical notes and is multiapplicable** |

**Additional Complaint Information**

| | |
|---|---|
| Have you filed a complaint with any other government agency regarding this incident? | **No** |
| Does this complaint concern a child custody issue? | **No** |
| Was the person named in this complaint appointed by the court to prepare a custody recommendation to the court? | **No** |
| If children are involved in this case, do you have joint legal custody of the child/children involved in this case? | **No** |
| Have you tried to resolve or mediate this complaint? | **Yes** |
| If yes, what was the response? | **Kaiser wont return calls for me or couns** |
| Reason for treatment: | **Bias/MediCare/Reporting** |
| Patient Name: | **Phillip Denton Bieber** |
| Date of Birth: | **06/07/1978 (mm/dd/yyyy)** |
| Relationship to the patient: | **Self** |

39

| | |
|---|---|
| Substandard Care (e.g. misdiagnosis, negligent treatment, delay in treatment, etc.) | **Yes** |
| Prescribing Issues (e.g. excessive/under prescribing, Internet) | **Yes** |
| Unlicensed Provider or Aiding/Abetting unlicensed practice | **No** |
| Sexual Misconduct | **No** |
| Provider (e.g. Physician, Psychologist, Psychotherapist etc.) Impairment (e.g.drug, alcohol, mental physical) | **No** |
| Unprofessional Conduct (e.g. breach of confidence, record alteration, fraud, misleading advertising, arrest or conviction) | **Yes** |
| Office Practice (e.g. failure to provide patient/medical records to patient, failure to sign death certificate, patient abandonment): | **Yes** |
| If the complaint is medical/psychological/psychotherapy treatment related, please indicate the patient has been examined/treated by another provider/professional for this same condition?: | **Yes** |
| If you responded 'Yes' to the previous question, please include provider name, address, and treatment dates. | **Michael Burton MD** |
| Have you initiated or filed legal action regarding this incident? | **Yes** |
| Date of legal action: | **05/25/2025 (mm/dd/yyyy)** |
| What was the result of the legal action? | **Just Starting** |
| What is the desired outcome of your complaint submission? | **He cannot be allowed to practice like th** |

**Respondent**

| | |
|---|---|
| License Type: | **Physician's and Surgeon's** |
| License Number: | **161635** |
| First Name: | **MATTHEW** |
| Last Name: | **WELZENBACH** |
| Address: | **4950 W Sunset Blvd** |
| | **LOS ANGELES, CA** |
| | **90027-5822** |
| | **US** |

**Complainant**

| | |
|---|---|
| First Name: | **Phillip** |

40

| | |
|---|---|
| Second Name: | **Denton** |
| Last Name: | **Bieber** |
| Address: | **4627 Finley Ave** |
| | **101** |
| | **LOS ANGELES** |
| | **Los Angeles, CA** |
| | **90027** |
| | **US** |
| Phone Number: | **2136777610** |
| E-mail Address: | **Philbieber78@gmail.com** |

41

EXHIBIT B

Affidavit of Jeffrey Stewart Miller, PhD

Personal Witness Testimony Regarding Plaintiff's Treatment and Kaiser Retaliation


Description:

This affidavit is written and signed by Jeff, a longtime acquaintance of Plaintiff Phillip Denton
Bieber, and his Social Security Administration recognized "Caretaker". Jeff provides a sworn
statement regarding his personal observations of Plaintiff's treatment by Kaiser Permanente,
including:


- Witnessing discriminatory or retaliatory conduct by Kaiser staff;

- Observing the emotional and physical toll on the Plaintiff during and after interactions
  with Kaiser;

- Statements or behaviors by Plaintiff that contradict the psychiatric labels or records
  placed in his file;

- Support of Plaintiff's claims regarding sudden loss of care, login lockouts, or false
  medical records;

- Credible character assessment of Plaintiff in the context of sobriety, mental health
  stability, and general conduct.


This affidavit serves to corroborate Plaintiff's narrative, establish third-party credibility, and
document firsthand accounts of potential civil rights violations, retaliation, and institutional
misconduct.


Pages:

Custodian of Record: Jeff (original, signed copy to be submitted to the Court)

Confidentiality Status: Standard

42

Document Authentication: This affidavit will be signed under penalty of perjury in accordance
with 28 U.S.C. § 1746. Original physical signature retained by Plaintiff; electronic or scanned
version filed with Exhibit List.

Handling Instructions:

Filed publicly unless sealed by request of affiant. No confidential medical or protected health
information included. May be used in open court proceedings and referenced by case number.

43

To the US District Court Judge:

I would like to start by asserting that I am neither an MD, psychiatrist, nor psychologist. My statements here are based on observation and the understanding as a lay person, and as a person who has lived with Phillip Denton Bieber for approximately 15 years, and identified by the Social Security Administration as care-taker and support person due to various disabilities and illness.  Relevant to this case, I have been a member of Alcoholics Anonymous with thirty-eight years of continuous sobriety.  I have been asked to provide a brief summary in support of legal action taken by Mr. Bieber against Kaiser Permanente et. al.

Mr. Bieber (Phil) moved into my home near the end of 2010.   It was immediately obvious that there were three conditions which needed to be addressed.  1) Severe and often disabling leg pain subsequent to a surgery to replace his femur, 2) addiction, mainly to alcohol and cannabis, and 3) moderate mental / emotional health issues, exacerbated by the pain.

To make a long story short, Kaiser's Orthopedic department, particularly Dr. Miric, did an amazing job of diagnosing and repairing the issues with Phil's leg.  Unfortunately, prior to Dr. Miric, Phil had no available health coverage, and though in obvious daily, severe and continuous pain, there was no relief for over six years.  In order to dull the pain, Phil resorted to the use of Cannabis and alcohol.  This was especially unfortunate in that prior to his issues with his leg, he had been a regular member of Alcoholics Anonymous. So, in the time needed to successfully address issue 1), issues 2) and 3) had become more pressing.

In terms of issues 2) and 3), Phil has a severe anxiety disorder, coupled with a degree of Obsessive – Compulsive disorder.  Of course, this didn't help with the addiction issue. So once the leg issue was addressed, Phil focused on both alcohol and drug recovery and psychiatry / psychology.  We hoped that the Psychiatry department of Kaiser would be as professional and excellent as the Orthopedic department.   The exact opposite turned out to be true.    For almost ten years, they have been the epitome of unprofessional, uncaring, unhelpful, and hostile.

Kaiser Psychiatry appears to have a two-pronged approach:  i) set the client up with a talk-therapist, and ii) Medication.  From both resources, we quickly entered into a cycle of have a provider assigned, meet a few times with the provider, find out that appointments could only be kept every six weeks, then at the end of six weeks, get that phone call the morning of the appointment saying "your provider is not here today, we'll need to reschedule".   And not long after a few iterations of this, get the phone call saying "your provider is no longer with us, but we're reassigning you to someone … who

can't meet with you for several more weeks.   And so on and so on, for years.   As damaging as this is with talk therapy, it was devastating with medication management.

The medication cycle was similar to the talk-therapy cycle:  A new doctor.  New ideas about new medication(s).   Some degree of short-term success on the medication regimen.  Increasing side effects.  Return of the original symptoms.  Unable to see the doctor to change the medication.

It is important to note that throughout the time I've known Phil, the one medication which seemed to help the most, which had no side-effects, and which seemed to not trigger addiction, was Clonazepam.  As a lay person, I can't swear that Clonazepam solves all of Phil's mental health issues, but it is certainly the most effective treatment he's tried. While taking this, Phil was able to re-establish quality relationships with his highly dysfunctional family, and many friends.    Nevertheless, Phil's psychiatrists were skeptical.  Forget about actual results, they had theories.  And as we found out, many of Kaiser's professional staff is in or associated with alcohol and drug recovery.  So, they had "ideas", and one was "Clonazepam is bad … you'll get addicted … then we'll have to treat you for addiction".  So instead of just Clonazepam, they would prescribe different medications, then not be available when the side effects recurred, and then the original symptoms returned.

This came to a head in spring 2022 when Phil attended an event with his drunk and abusive extended family.  He came home, got exceptionally drunk and had a severe mental health crisis.  He voluntarily went to the ER and stayed in Kaiser's psychiatric facility for several days.  Kaiser has made a great deal of this incident, calling it a suicide attempt, and calling into question everything from Phil's mental health to his quality as a human being.  For a brief while after that, things were reasonably good. Phil has not been drunk since and now logs over three years of continuous sobriety from alcohol and drugs.  So, our original issue 2) has been solved!

Now for the hard part:  issue 3), Phil's mental and emotional health.  Kaiser picked up where it left off, prescribing medications which they say were needed for Phil's mental health.  Once again we engaged the cycle of cancelled appointments, no follow-up, no change to medication although side effects returned as eventually did the original symptoms.  Eventually it seemed that with each medication change, things got worse. As things got worse, Phil felt increasing anxiety usually ended in full-on panic episodes. And yet, at the same time, he was also becoming very zombie-like.   It was very hard to watch as Phil would leave his bedroom, come to the kitchen, open the refrigerator, take something out to eat, put it on the counter and forget it, then watch TV.  Sometimes he didn't close the refrigerator.  He couldn't drive safely any longer, as his reaction time grew progressively worse.  He couldn't sleep, yet was exhausted and "out of it" most of each day, in part because sleep was increasingly infringed by graphic nightmares

45

concerning his family.  Kaiser might occasionally modify a dosage, but by the time they got around to it, it didn't help.    More often, they just couldn't get him in for an appointment.    And the more this went on, the more angry we both became: Phil because of the extreme and increasing mental and physical discomfort from being on the wrong medications, and me for having to watch helplessly as Kaiser refused to talk to me at all, despite being listed in Phil's file as "ok to talk to regarding his care".  It's important to point out that the pain Phil endured was similar to the unrelenting pain from his leg prior to surgery.  This is just emotional pain, but daily, unrelenting, and every bit as debilitating.  And when Kaiser picked up on Phil's anger over the lack of meaningful treatment, they became more and more dismissive and hostile.  After three years of this, Phil decided to stop all of his medications.  As frightening as this was, I did understand the rationale for it:  he felt better prior to any of the medications ... as long as he wasn't drinking.  It has always appeared to me that Kaiser took his major drunken episode and labelled him as "a bad person" in a variety of forms.  When he stopped his medication, he asked his doctor for one thing:  a low dose of Clonazepam.  The doctors, citing the drunken episode three years ago, have generally declined this request.  Except that one gave him a brief prescription for Clonazepam (30 days).  This confused me:  a 30 day supply of anything is enough to re-hook any addict.   So, if Kaiser thinks of Phil as having addiction issues with Clonazepam, this seems grossly irresponsible.   On the other hand, if they don't see him as having addiction issues with Clonazepam, there's no reason not to prescribe on ongoing low dosage amount.

Phil's terminating his medication in order to "reset" or "clear out" the toxicity in his body has been met with a reaction by Kaiser which can only be described as "punishment".  Having seen excerpts of his "file", I wonder if Kaiser has any clue who the person I've lived with for fifteen years is.   The have sent EMTs to our home several times, with a request to have him committed.  He has been termed a "terrorist".  He has been refused when asking for a more qualified practitioner, and always with a hostile and dismissive attitude.    He has been refused anti-coagulant therapy, despite a diagnosis which requires this to avoid heart attacks, strokes, organ failure, and death.

As I say above, several of Kaiser's providers are members of the local recovery community.  As a long-standing member, I am a "medicational minimalist".  So please believe me when I say that I would not support Phil taking Clonazepam or any medication at all unless I truly believed that it was appropriate, and without better alternative.  In fifteen years of living with Phil, this has been the only medication which has offered him such productive results.  I've heard it said: "well he should do therapy, and then he wouldn't need medication".   This fails to take into account that we're not all clones of the same addict!  Kaiser itself has seen Phil completely sober without anti-anxiety medication:  he has occasionally not been able to complete an hour of therapy when the anxiety kicks in.  Back in the 1980's, when I first started attending 12-step

meetings, the "old timers" used to casually tell new members that "if you're taking medications, you're not sober!"   This believe has led members to commit suicide.  This is an issue I take exceedingly personally and I'm personally appalled that any responsible mental health provider works with this idea.  And I'm especially frustrated with the trite "well you're just not working your program", when crises hit!  Even worse: members in the recovery community also suffer from another flaw:     gossip.  Unfortunately, when a mental health professional divulges personal information regarding a client, gossip has become criminal.  I've been saddened and disgusted at some of my AA colleagues over the times when one of Phil's friends contacted him reporting that this or that Kaiser professional was at a meeting or party talking about Phil … by name and symptoms.

Overall, I'd like to succinctly highlight a few relevant points:

- Kaiser's Psychiatry team has completely failed to deliver anything like adequate care for Phil.

- When challenged, Kaiser has routinely been abusive.

- Phil requested and was granted a change in health care provider.   Since that point, Kaiser, (who couldn't be bothered having a meaningful conversation regarding treatment), is now reaching out several times per week.   They have been asked to stop, but continue nevertheless.

- When Phil decided at long last to pursue legal remedies, their contact included "pleas for Phil to 'come in' to be treated".

- Coincident to all this, Kaiser has apparently been very active:   not in offering quality treatment options, but "spicing up his file" with bizarre diagnostic comments, and personal slanders.

My promise to be brief has resulted in four pages.  So, I'll end this summary with an offer to expound upon these points as needed.

Jeffrey Stewart Miller, Ph.D

4627 Finley Avenue, #101

Los Angeles, CA  90027

Jeffm6187@gmail.com

805-252-4270

47

EXHIBIT C

Sworn Statement of Phillip Denton Bieber


Date: June 16, 2025

Subject: Fabricated Psychiatric Risk Documentation – False Threat Allegation by LCSW Kayth Vela


I, Phillip Denton Bieber, submit this sworn statement to document and preserve evidence of retaliatory and false psychiatric documentation created by Kayth Vela, LCSW, in a clinical record entry dated April 7, 2025, at 10:58 PM, under the title "Telephone Encounter" within the Kaiser Permanente Southern California medical system.


The note claims the following:


"Pt made a statement about murder referencing Department Director, Faith Ramirez… Pt stated he would file attempted murder charges… Pt stated he did not say he was going to murder anyone… Pt stated in threatening manner that prescription needs to be written today."


These assertions are materially false and distort the intent and content of the actual phone call, which I recorded. During that call, I stated that withholding life-sustaining medication—specifically Coumadin (warfarin)—after repeated, ignored medical requests amounted to attempted murder against me, not by me. This was a legal expression of protest, not a threat against any staff member.


This note:


1. Misrepresents Protected Speech: I invoked legal terminology to describe Kaiser's denial of care. That was deliberately reframed as a criminal threat to escalate psychiatric surveillance.

2. Lacks Due Process: The entry was authored without my consent, based on hearsay from a clerical transfer. I was never evaluated in person or offered an opportunity to clarify.

3. Fuels Retaliation and Misclassification: It attempts to support a false psychiatric narrative, undermining my credibility during active legal complaint proceedings and forming a basis for further denial of care.

Legal Basis for Discovery

This record will be entered as evidence of:

- HIPAA violations (45 CFR §§ 164.524, 164.526 – right to access and amend records)

- CMIA violations (Cal. Civ. Code §§ 56.10–56.36 – improper use and sharing of mental health data)

- ADA retaliation (42 U.S.C. § 12203 – retaliation for protected complaints)

- Defamation and Abuse of Process (intentional misrepresentation in official documentation)

I reserve all rights to compel release of full metadata, communications between clerical and clinical staff, and internal escalation chains regarding this note.

Respectfully submitted,

Phillip Denton Bieber

Los Angeles, CA

June 16, 2025

49

SOURCE CODE

```
{

 "id" : "eDpGlK4z9725SbFf1ffUyltIrFL1ZBHwU-dx2Yy8q6CA3",

 "category" : [

   {

    "text" : "Clinical Note",

    "coding" : [

      {

       "system" : "http://hl7.org/fhir/us/core/CodeSystem/us-core-documentreference-category",

       "display" : "Clinical Note",

       "code" : "clinical-note"

      }

     ]

   }

 ],

 "subject" : {

  "display" : "Bieber, Phillip",

  "reference" : "Patient/e3jxELBBuleMDuUiLP.DXF4PGm8m3baAX9jGMauH6G143"

 },

 "resourceType" : "DocumentReference",

 "author" : [

   {

    "type" : "Practitioner",

    "reference" : "Practitioner/e6m7INSXI2EJMHsEn.hkTm8tvtC8ULE7hT44h-8p7m.w3",
```

```
        "display" : "KAYTH VELA LCSW"

      }

    ],

    "authenticator" : {

      "reference" : "Practitioner/e6m7lNSXI2EJMHsEn.hkTm8tvtC8ULE7hT44h-8p7m.w3",

      "display" : "KAYTH VELA LCSW",

      "type" : "Practitioner",

      "extension" : [

        {

          "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-
authentication-instant",

          "valueDateTime" : "2025-04-07T23:21:29Z"

        }

      ]

    },

    "context" : {

      "extension" : [

        {

          "valueCodeableConcept" : {

            "text" : "Psych Social Worker LCSW",

            "coding" : [

              {

                "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.836982.1040",

                "display" : "Psych Social Worker LCSW",
```

        "code" : "124"

      },

      {

        "system" : "urn:oid:2.16.840.1.113883.6.101",

        "display" : "Social Worker (Clinical)",

        "code" : "1041C0700X"

      }

    ]

  },

    "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-author-
provider-type"

  }

],

"period" : {

  "start" : "2025-04-07T22:58:53Z"

},

"encounter" : [

  {

    "reference" : "Encounter/ejjeYag4QnFlObhEiDAo2yA3",

    "display" : "TELEPHONE - MH/BH",

    "identifier" : {

      "use" : "usual",

      "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.3.698084.8",

      "value" : "1452736514"

```
      },
      "extension" : [
        {
          "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/ce-encounter-id",
          "valueIdentifier" : {
            "use" : "usual",
            "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.698084.15",
            "value" : "216319959920"
          }
        }
      ]
    },
  "type" : {
   "text" : "Telephone Encounter",
   "coding" : [
     {
       "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.737880.5010",
       "display" : "Telephone Encounter",
       "code" : "36"
     },
     {
       "system" : "urn:oid:1.2.840.114350.1.72.727879.69848980",
```

53

```
        "display" : "Telephone Encounter",

        "code" : "36"

      },

      {

        "code" : "34748-4",

        "system" : "http://loinc.org",

        "display" : "Telephone Encounter",

        "userSelected" : true

      },

      {

        "system" : "http://loinc.org",

        "display" : "Note",

        "code" : "34109-9"

      }

    ]

  },

  "identifier" : [

    {

      "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.2.727879",

      "value" : "3552791655"

    },

    {

      "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.727879.11",

      "value" : "2161845836072"
```

54

```
    },
    {
      "system" : "urn:oid:1.2.840.114350.1.72.3.15",
      "value" : "1.2.840.114350.1.13.122.2.7.3.727879.11_2161845836072"
    }
  ],
  "docStatus" : "final",
  "date" : "2025-04-07T22:58:53Z",
  "custodian" : {
    "display" : "Kaiser Permanente Southern California",
    "identifier" : {
      "system" : "urn:ietf:rfc:3986",
      "value" : "urn:kp:prodcescal"
    }
  },
  "status" : "current",
  "content" : [
    {
      "attachment" : {
        "contentType" : "text/html",
        "url" : "Binary/ePLyt-fwyfsxKcBdix4ixiu2yHw2F.b3B20VhoPQRczY3"
      },
      "format" : {
        "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",
```

55

```
          "display" : "mimeType Sufficient",

          "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"

         }

       },

       {

         "attachment" : {

          "contentType" : "text/rtf",

          "url" : "Binary/fMkKZ936iio1Ai-KQ91VE9GmmpzpdgqSCG0bhuhwld4E4"

         },

         "format" : {

          "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",

          "display" : "mimeType Sufficient",

          "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"

         }

       }

     ]

    }
```

SCREENSHOTS

86

EXHIBIT D

Sworn Statement of Phillip Denton Bieber

Date: June 16, 2025

Subject: False Statement and Retaliatory Discharge – OACS Note by Jose R. Castillo, Kaiser
Permanente Southern California

I, Phillip Denton Bieber, submit the following statement for discovery and evidentiary purposes
regarding the clinical note authored by Jose R. Castillo on April 15, 2025, within the Kaiser
Permanente Southern California health system.

The note includes the following entries:

"Pt states that he stopped warfarin and no intention to restart soon."
"Pt is now DCed from OACS."
"Member Services called in to OACS. (Tam, Incident Manager). She states that pt has filed a
    series of complaints..."

These statements are materially false and retaliatory in nature.

1. Factual Correction: I temporarily discontinued warfarin as a protest after Kaiser repeatedly
   failed to respond to my formal care requests and ignored a decade of successful treatment
   history. I never stated that I had "no intention to restart." In fact, within weeks, I formally
   requested to resume anticoagulation and was met with either silence or bureaucratic
   obstruction.

2. Retaliatory Discharge: My removal from the Anticoagulation Clinic ("DCed from OACS")
   occurred immediately following my complaints to Member Services. I received no formal
   discharge notification, no medical alternatives, and no bridging therapy—despite my high-
   risk profile. This constitutes a clear act of medical retaliation and abandonment.

57

3. Constructed Narrative of Noncompliance: This entry appears to be strategically timed and phrased to frame me as noncompliant. The goal was to justify withdrawal of services and to mask a deliberate administrative retaliation in response to my protected complaints.

Legal Basis for Discovery

This record will be submitted as evidence of:

- Retaliation under the ADA (42 U.S.C. § 12203)
- HIPAA and CMIA violations related to misinformation and obstruction of access (45 CFR §§ 164.524, 526; Cal. Civ. Code §§ 56.10 et seq.)
- Constructive medical abandonment and breach of duty of care
- Defamation and administrative abuse of process

I reserve the right to subpoena all associated internal communications, OACS administrative notes, and full audit trail metadata for this record.

Respectfully submitted,

Phillip Denton Bieber

Los Angeles, CA

June 16, 2025

58

SOURCE CODE

```
{
  "id" : "eF6apchMkAaEFo3z93edrqhMeGusuF5mzLgicftEbYg83",
  "category" : [
    {
      "text" : "Clinical Note",
      "coding" : [
        {
```

```
          "system" : "http://hl7.org/fhir/us/core/CodeSystem/us-core-documentreference-category",

          "display" : "Clinical Note",

          "code" : "clinical-note"

        }

      ]

    }

  ],

  "subject" : {

    "display" : "Bieber, Phillip",

    "reference" : "Patient/e3jxELBBuIeMDuUiLP.DXF4PGm8m3baAX9jGMauH6G143"

  },

  "resourceType" : "DocumentReference",

  "author" : [

    {

      "type" : "Practitioner",

      "reference" : "Practitioner/eWFVnmePul9EhRDrn26d91NijtHeEHh98Nf6HbT.wMqk3",

      "display" : "JOSE R CASTILLO"

    }

  ],

  "authenticator" : {

    "reference" : "Practitioner/eWFVnmePul9EhRDrn26d91NijtHeEHh98Nf6HbT.wMqk3",

    "display" : "JOSE R CASTILLO",

    "type" : "Practitioner",

    "extension" : [
```

66

```
        {
            "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-
authentication-instant",

            "valueDateTime" : "2025-04-15T22:06:41Z"

        }

    ]

},

"context" : {

 "extension" : [

   {

     "valueCodeableConcept" : {

       "text" : "TECHNICIAN",

       "coding" : [

         {

           "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.836982.1040",

           "display" : "TECHNICIAN",

           "code" : "81"

         },

         {

           "system" : "urn:oid:2.16.840.1.113883.6.101",

           "display" : "Specialist/Technologist, Other (no specialty)",

           "code" : "246Z00000X"

         }

       ]
```

        },

        "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/clinical-note-author-
    provider-type"

      }

    ],

    "period" : {

      "start" : "2025-04-15T22:03:12Z"

    },

    "encounter" : [

      {

        "reference" : "Encounter/e5njdWWgFU-2f4857EYYZIg3",

        "display" : "Anticoagulation",

        "identifier" : {

          "use" : "usual",

          "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.3.698084.8",

          "value" : "1432739097"

        },

        "extension" : [

          {

            "url" : "http://open.epic.com/FHIR/StructureDefinition/extension/ce-encounter-id",

            "valueIdentifier" : {

              "use" : "usual",

              "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.698084.15",

              "value" : "216316877062"

```
            }
          }
        ]
      }
    ]
  },
  "type" : {
    "text" : "Nursing Note",
    "coding" : [
      {
        "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.4.737880.5010",
        "display" : "Nursing Note",
        "code" : "70"
      },
      {
        "system" : "urn:oid:1.2.840.114350.1.72.727879.69848980",
        "display" : "Nursing Note",
        "code" : "70"
      },
      {
        "code" : "34746-8",
        "system" : "http://loinc.org",
        "display" : "Nursing Note",
        "userSelected" : true
```

```
      }
    ]
  },
  "identifier" : [
    {
      "system" : "urn:oid:1.2.840.114350.1.13.128.2.7.2.727879",
      "value" : "3569250997"
    },
    {
      "system" : "urn:oid:1.2.840.114350.1.13.122.2.7.3.727879.11",
      "value" : "2161857271616"
    },
    {
      "system" : "urn:oid:1.2.840.114350.1.72.3.15",
      "value" : "1.2.840.114350.1.13.122.2.7.3.727879.11_2161857271616"
    }
  ],
  "docStatus" : "final",
  "date" : "2025-04-15T22:03:12Z",
  "custodian" : {
    "display" : "Kaiser Permanente Southern California",
    "identifier" : {
      "system" : "urn:ietf:rfc:3986",
      "value" : "urn:kp:prodcescal"
```

64

```
       }
     },
     "status" : "current",
     "content" : [
       {
         "attachment" : {
           "contentType" : "text/html",
           "url" : "Binary/eDDFq52QVu5HpmWEUUysjs9Y26NoEUuxf3OmfxAGAXSM3"
         },
         "format" : {
           "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",
           "display" : "mimeType Sufficient",
           "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"
         }
       },
       {
         "attachment" : {
           "contentType" : "text/rtf",
           "url" : "Binary/fA5PhkkhuDJ09GnWPMvtvnqsM69aDOn3BFonXtxMs9fM4"
         },
         "format" : {
           "system" : "http://ihe.net/fhir/ValueSet/IHE.FormatCode.codesystem",
           "display" : "mimeType Sufficient",
           "code" : "urn:ihe:iti:xds:2017:mimeTypeSufficient"
```

```
      }
    }
  ]
}
```

SOURCE-CODE

SCREEN SHOTS









11:40

Nursing Note ⌄                    Done

1 of 1

Member services called in to oacs. (Tam, Incident Manager). She states that pt has filled a series of complaints against
oacs for an incident that happened on 2/21/25. Tech read incident notes to Tam. Per DFS

Rph to f/u if needed.

Open in Acrobat

68



**11:40**

Nursing Note ⌄                    Done

1 of 1

Member services called in to oacs. (Tam, Incident Manager). She states that pt has filled a seires of complaints against oacs for an incident that happened on 2/21/25. Tech read incident notes to Tam. Per DFS

S...ot code, for long
deinquency chuartem b to o
tust  pt states that ne stopped
...etain and nb intention to
restart s con  ...oterment ct that
pt s nov. DCeo from 0-4 0 S

Rph to f/u if needed.

Open in Acrobat



**EXHIBIT E**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Suppression of Audit Trails and Access Metadata in Violation of HIPAA § 164.528

I, Phillip Denton Bieber, submit this sworn statement in support of Exhibit E for the purpose of documenting an ongoing and unlawful suppression of my federally protected right to review audit trails and access logs pertaining to my Kaiser Permanente medical records.

Since February 2024, I have submitted multiple direct requests for full metadata access, including:

- Timestamps of chart edits

- User identifiers for practitioners who modified notes

- Authenticator records

- All system-side logs under HL7 FHIR standards

Kaiser has failed to produce any such audit log, despite multiple formal requests via internal messaging, Member Services, and complaints filed with the California Department of Public Health, the Medical Board, and CMS.

71

**The following facts are asserted:**

1. Violation of HIPAA Right of Access (45 CFR § 164.528):
   HIPAA guarantees my right to an "accounting of disclosures" and to view all interactions involving my chart, particularly where changes or sharing of sensitive data has occurred.

2. Cover-Up of Tampering and Retaliation:
   Multiple entries in my file—including psychiatric notations, fabricated encounter logs, and mischaracterizations—suggest coordinated record manipulation. The absence of audit logs obstructs my ability to prove what was changed, by whom, and when.

3. Bad Faith and Pattern of Suppression:
   My requests have not been denied with legal justification—they have simply been ignored or responded to with generalized summaries that omit the legally required detail (e.g., Epic audit logs or FHIR transaction records).

**Legal Basis for Relief and Discovery**

This Exhibit supports my prayer for:

- Immediate court-ordered production of full access logs, edit history, authenticator metadata, and custodial access records

72

- Financial damages for obstruction of federally protected rights under 45 CFR § 164.528

- Punitive sanctions for failure to maintain or disclose logs in good faith

This statement supports the larger claim of systemic retaliation, fraud, and obstruction within the Kaiser Permanente Southern California system, and it undercuts any credibility Kaiser asserts regarding proper patient recordkeeping.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

73

**EXHIBIT F**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Fabrication of Psychiatric Narrative via Telephone Notes Without Clinical Evaluation

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit F in support of my federal complaint against Kaiser Permanente.

Between February and May 2025, multiple entries were added to my Kaiser medical record under the category of "Telephone Encounter" or "Encounter - Mental Health" that described psychiatric observations, conclusions, and risk assessments—without a single in-person evaluation, psychological exam, or clinical consultation.

These notes were created unilaterally by Kaiser mental health employees—most notably Kayth Vela, LCSW, and others—based solely on telephone routing interactions or hearsay conversations with clerical staff. No clinician contacted me for the purpose of a mental health evaluation. In several cases, I was not contacted at all.

74

**The following facts are asserted:**

1. Fabrication of Diagnosis and Mental Health Labels:
   Kaiser staff authored psychiatric conclusions and embedded them into my permanent medical record, falsely characterizing me as a threat, delusional, manic, or irrational—without having conducted any diagnostic session or legitimate evaluation.

2. Violation of Due Process and Medical Ethics:
   I was never interviewed, never consented to any psychiatric screening, and was never given the opportunity to respond to or dispute these designations prior to their insertion into my chart.

3. Retaliatory Intent:
   These entries began after I filed civil complaints regarding systemic care denial and medical tampering. Their function appears to be reputational sabotage, justifying denial of services and discrediting me as unstable.

4. Metadata Supports Constructed Narrative:
   FHIR audit data and encounter records show that many of these entries were generated through backend access or telephone systems, with no associated appointment, diagnosis code, or outcome plan. In many cases, metadata confirms I was not spoken to at all.

75

**Legal Basis for Relief and Discovery**

This pattern of psychiatric fabrication represents:

- Defamation and Abuse of Process

- Violation of ADA and ACA (use of psychiatric codes to justify care denial)

- HIPAA violation (fabricated content without consent or validity)

- Medical malpractice and gross negligence

I respectfully demand full production of edit histories, access logs, authorship validation, and correspondence surrounding these psychiatric notes.

This statement supports the broader claim of weaponized psychiatry and use of the mental health system to silence, isolate, and retaliate against a protected complainant.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

**EXHIBIT G**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Self-Authenticated Clinical Notes Created Without Patient Contact

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit G in support of my federal complaint against Kaiser Permanente.

While reviewing exports of my electronic health record—including those received via Apple Health, third-party portals, and Kaiser's own downloads—I discovered numerous clinical entries marked "self-authenticated" or "encounter complete" where no actual contact with me ever occurred.

These include "Telephone Encounter" and "Mental Health Note" entries authored by various Kaiser personnel. In multiple instances, these records were created and finalized without any call, message, visit, or appointment.

77

**The following facts are asserted:**

1. No Evaluation or Communication Occurred
   These notes were created unilaterally. I was not contacted for any of the corresponding dates listed, nor did I provide consent for evaluation.

2. "Self-Authenticated" = Bypassed Oversight
   In several cases, the same person is listed as both the author and authenticator. This practice bypasses independent review and gives the appearance of legitimate care when none occurred.

3. Improper Use of Clinical Categories
   These entries are not benign—they often include language about mental health status, mood, judgment, risk, or safety—despite no diagnostic session or factual basis.

4. Metadata Supports My Statement
   HL7/FHIR records and system audit trails show no linked communication object, call duration, or appointment code that would justify the entry's existence.

78

**Legal Basis for Relief and Discovery**

These notes violate:

- HIPAA (45 CFR § 164.526) – false medical record content

- CMIA (Cal. Civ. Code § 56.36) – patient access interference

- ADA Retaliation – clinical manipulation following protected activity

- Defamation / Abuse of Process

I respectfully request the Court to compel the full metadata set behind each "self-authenticated" entry, and to order the removal or correction of all clinically falsified content made without evaluation, consultation, or consent.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

**EXHIBIT H**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Removal of Medical Notes Following Filing of External Complaints

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit H in support of my federal complaint against Kaiser Permanente.

Between February 2024 and May 2025, I accessed and reviewed multiple iterations of my electronic medical record via Kaiser's patient portal, Apple Health exports, and secure downloads provided upon request. I confirm under penalty of perjury that several clinical notes, telephone encounters, and internal messages I previously viewed are now missing or blanked out from the record.

This includes:

- Entries seen between February and March 2024, no longer present in the May 2025 release

- Notes that were previously visible via Apple Health API, now absent in direct PDF downloads

- Redacted sections where page numbers remain, but content is removed

- "Encounters" with headers and date/time stamps, now missing full dictation

**The following facts are asserted:**

1. Timeline Coincides With Escalating Complaints
   The disappearance of medical content began after I filed official complaints with the
   Department of Managed Health Care, California Department of Public Health, CMS, and
   the Medical Board of California.

2. Pattern of Tampering and Spoliation
   The notes missing are not routine—they involve psychiatric language, alleged risk events,
   and narrative framing. Their removal undermines my ability to present a full timeline and
   suggests a coordinated clean-up by Kaiser's internal team.

3. Metadata Confirms Gaps
   The HL7/FHIR metadata shows pagination and reference objects that suggest content once
   existed in those fields. Some entries still appear in audit shells but are stripped of narrative.

**Legal Basis for Relief and Discovery**

I request the Court to:

- Order full restoration and production of all missing content

- Compel an unredacted audit log of all file edits and deletions

- Impose sanctions for any confirmed spoliation of evidence during pending litigation

This statement supports the broader claim of institutional record manipulation, obstruction of truth, and patient rights abuse.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

82

11:21

< Browse                                  Export PDF

## April 7, 2025

**Clinical Notes**

Telephone Encounter

Recorded — KAYEH VELA LCSW

## April 2, 2025

**Clinical Notes**

Telephone Encounter

Recorded — GABRIELA HERRERA

Telephone Encounter

Recorded — GABRIELA HERRERA

Telephone Encounter

Recorded — NEKTAR NIKKI RAKOPIAN PHARMD

Telephone Encounter

  



**11:21**

**Clinical Note**

**Back**

**Telephone Encounter**
Recorded Apr 7, 2025 at 10:58 PM

ON CALL MESSAGE ENCOUNTER:

Per clinical, pt made a statement about murder referencing Document Director, Fabin Ramirez. Clerical team member was not able to provide the direct quote from VMC. Per clerical, pt called in discussing medication. KP's failure to provide meds and his need to go to Canada for treatment. Pt was transferred to a writer as pt declined to be transferred to Examiner Ramirez.

At initiation of transfer, pt presented as clam. OO tho was only able to introduce self. Pt stated that he went on a medication pretest due to KP's failure to provide meds requested. Pt stated KP is not having him sexually Pt reported he has been off of meds for 5-6 weeks and would like to restart meds as soon as possible.

Pt stated that he has a life also he is working with and doing well with. OO then introduced purpose of transfer. Pt first began expressing thoughts and frustrations about Director Ramirez. OO tho directed pt to discuss comments made about murder. Pt stated that he told clerical he would file attempted murder charges against Director Ramirez. Pt stated he would murder Director Ramirez. Pt stated he would do this as director meds he is requesting. Pt stated he did not state that he was going to murder anyone. Pt then became angry. Pt stated he was being recorded and that this writer would need to provide an affidavit. OO mg notified pt that permission was not given to record this writer. Pt challenged this with cursing. Pt then stated he has an attorney and will sue KP. Pt stated he would be calling police to report KP due to meds. Pt stated that KP and this writer "solved up highly today." Pt stated that writer needs this provide an answer about KP writer's meds/also. Pt asked this writer to pull his name and stated he would be calling member services. Pt stated in threatening manner that prescription needs to be written today. Pt then ended call.

Routing to Director Rite.

**Page 1 of 2**

**11:22**

**Clinical Note**

**Back**

**Telephone Encounter**
Recorded Apr 7, 2025 at 10:58 PM

**Page 2 of 2**

---

**Telephone Encounter**
Recorded Apr 7, 2025 at 10:58 PM



---

**Telephone Encounter**
Recorded Apr 7, 2025 at 10:58 PM



11:22

Telephone Encounter  ⌄          Done

 1 of 1

**ON-CALL MESSAGE ENCOUNTER:**

Per clerical,  pt made a statement about murder referencing Department Director, Faith Ramirez. Clerical team member was not able to provide the direct quote from VMC. Per clerical, pt called in discussing medication, KP's failure to provide meds and his need to go to Canada for treatment. Pt was transferred to this writer as pt declined to be transferred to Director Ramirez.

At initiation of transfer, pt presented as clam. OD thp was only able to introduce self. Pt stated that he went on a medication protest due to KP's failure to provide meds requested. Pt stated KP is not taking him seriously. Pt reported he has been off of meds for 5-6 weeks and would like to restart meds as soon as possible.

Pt stated that he has a thp who he is working with and doing well with. OD thp then introduced purpose of transfer. Pt first began expressing thoughts and frustrations about Director Ramirez. OD thp directed pt to discuss comments made about murder. Pt stated that he told clerical he would file attempted murder charges against Director Ramirez. Pt stated he would do this as Director Ramirez is not allowing pt to obtain meds he is requesting. Pt stated he did not state that he was going to murder anyone. Pt then became angry, utilized cursing, stating this writer was being recorded and that this writer would need to provide an affidavit. OD thp notified pt that permission was not given to record this writer. Pt challenged this with cursing. Pt then stated he has an attorney and will sue KP. Pt stated he would be calling police to report KP due to meds. Pt stated that KP and this writer "fucked up royally today." Pt stated that writer needed to provide an answer about KP workers' mistakes. Pt asked this writer for full name and stated he would be calling member services. Pt stated in threatening manner that prescription needs to be written today. Pt terminated call.

Routing to Director Ramirez as an FYI.

Open in Acrobat          

11:22

< Back          Clinical Note

### Telephone Encounter
Recorded Apr 7, 2025 at 10:58PM

Status
Current

Category
Clinical Note

Author
KAYTH VELA LCSW

Created
Apr 7, 2025 at 10:58 PM

## Alternate Names

FHIR Source Text
Telephone Encounter

Other
Telephone Encounter

Other
Telephone Encounter

LOINC Code 34748-4
Telephone Encounter

LOINC Code 34109-9
Note

## Data Source



**Kaiser Permanente**
KP Southern California  My Health
Phillip Bigber, June 7, 1978 (47 years old)

FHIR Source Data


Summary


Source


Browse

**EXHIBIT G**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Self-Authenticated Clinical Notes Created Without Patient Contact

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit G in support of my federal complaint against Kaiser Permanente.

While reviewing exports of my electronic health record—including those received via Apple Health, third-party portals, and Kaiser's own downloads—I discovered numerous clinical entries marked "self-authenticated" or "encounter complete" where no actual contact with me ever occurred.

These include "Telephone Encounter" and "Mental Health Note" entries authored by various Kaiser personnel. In multiple instances, these records were created and finalized without any call, message, visit, or appointment.

**The following facts are asserted:**

1. No Evaluation or Communication Occurred
   These notes were created unilaterally. I was not contacted for any of the corresponding dates listed, nor did I provide consent for evaluation.

2. "Self-Authenticated" = Bypassed Oversight
   In several cases, the same person is listed as both the author and authenticator. This practice bypasses independent review and gives the appearance of legitimate care when none occurred.

3. Improper Use of Clinical Categories
   These entries are not benign—they often include language about mental health status, mood, judgment, risk, or safety—despite no diagnostic session or factual basis.

4. Metadata Supports My Statement
   HL7/FHIR records and system audit trails show no linked communication object, call duration, or appointment code that would justify the entry's existence.

**Legal Basis for Relief and Discovery**

These notes violate:

- HIPAA (45 CFR § 164.526) – false medical record content

- CMIA (Cal. Civ. Code § 56.36) – patient access interference

- ADA Retaliation – clinical manipulation following protected activity

- Defamation / Abuse of Process

I respectfully request the Court to compel the full metadata set behind each "self-authenticated" entry, and to order the removal or correction of all clinically falsified content made without evaluation, consultation, or consent.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

**EXHIBIT H**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Removal of Medical Notes Following Filing of External Complaints

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit H in support of my federal complaint against Kaiser Permanente.

Between February 2024 and May 2025, I accessed and reviewed multiple iterations of my electronic medical record via Kaiser's patient portal, Apple Health exports, and secure downloads provided upon request. I confirm under penalty of perjury that several clinical notes, telephone encounters, and internal messages I previously viewed are now missing or blanked out from the record.

This includes:

- Entries seen between February and March 2024, no longer present in the May 2025 release

- Notes that were previously visible via Apple Health API, now absent in direct PDF downloads

- Redacted sections where page numbers remain, but content is removed

- "Encounters" with headers and date/time stamps, now missing full dictation

90

**The following facts are asserted:**

1. Timeline Coincides With Escalating Complaints
   The disappearance of medical content began after I filed official complaints with the Department of Managed Health Care, California Department of Public Health, CMS, and the Medical Board of California.

2. Pattern of Tampering and Spoliation
   The notes missing are not routine—they involve psychiatric language, alleged risk events, and narrative framing. Their removal undermines my ability to present a full timeline and suggests a coordinated clean-up by Kaiser's internal team.

3. Metadata Confirms Gaps
   The HL7/FHIR metadata shows pagination and reference objects that suggest content once existed in those fields. Some entries still appear in audit shells but are stripped of narrative.

91

**Legal Basis for Relief and Discovery**

I request the Court to:

- Order full restoration and production of all missing content

- Compel an unredacted audit log of all file edits and deletions

- Impose sanctions for any confirmed spoliation of evidence during pending litigation

This statement supports the broader claim of institutional record manipulation, obstruction of truth, and patient rights abuse.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025



**EXHIBIT I**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Retaliatory Interruption of Lifesaving Anticoagulant Therapy (Coumadin)

I, Phillip Denton Bieber, submit this sworn statement for inclusion as Exhibit I in support of my federal complaint against Kaiser Permanente.

In March 2024, during an ongoing pattern of retaliation following my complaints about improper care, I was denied a timely refill of Coumadin (warfarin)—a critical blood thinner used to prevent clotting complications and stroke. This medication was prescribed for an established medical condition and had been part of my treatment for an extended period.

94

**The following facts are asserted:**

1. No Clinical Justification for Delay
   The refill was denied or delayed despite a standing prescription. There was no active review or contraindication issued by my prescribing physician.

2. Direct Retaliation Following Protected Activity
   The denial occurred shortly after I filed formal complaints with Kaiser Member Services and external oversight agencies. It was one of several actions Kaiser staff took to remove my access to basic care and safety.

3. Risk of Harm Was Substantial
   Coumadin is not a comfort medication—it is a tightly managed anticoagulant requiring consistent use and monitoring. Sudden interruption poses significant cardiovascular risk, particularly for patients with clotting history.

95

**Legal Basis for Relief and Discovery**

This act constitutes:

- Gross medical negligence

- Constructive abandonment of care

- ADA retaliation and obstruction

- Violation of patient safety standards and treatment continuity

I respectfully request judicial acknowledgment of this as a retaliatory medical cutoff, and discovery of all pharmacist communications, internal decision logs, and MyChart messaging related to Coumadin refill management during the period in question.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

**EXHIBIT J**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Temporary Closure of Evidence Submission with Additional Materials Reserved Until
Monday

I, Phillip Denton Bieber, submit this sworn statement as Exhibit J in support of my federal
complaint against Kaiser Permanente.

As of the date of this filing, I am submitting all current exhibits, evidence, and sworn statements
available to me under severe personal strain. I am presently enduring the following:

- Interference with medical care

- Social isolation and professional harassment

- Acute emotional fatigue and psychological distress

- Ongoing retaliation, defamation, and administrative cruelty

At this time, I must assert a boundary for my own survival and respectfully pause further
submissions until I can attend my first medical appointment since this crisis began, scheduled
within the next few days. At that appointment, I hope to resume treatment for anticoagulation

97

management and—if granted—restart critical psychiatric medication that has been withheld
inappropriately.

98

**Statement of Intent**

I will return to this matter no later than Monday, June 24, 2025 at 12:00 PM with any remaining exhibits, evidence, or clarifications. If no such filing is made, the Court may consider this submission complete and final.

This break is not one of withdrawal, but necessity. The physical, emotional, and spiritual toll this experience has taken is immense, and I have no safety net left beyond the protections I seek through this Court.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

**EXHIBIT K**

Sworn Statement of Phillip Denton Bieber

Date: June 20, 2025

Subject: Prior Facsimile Notices Sent to Kaiser Permanente Legal and Member Services

I, Phillip Denton Bieber, submit this sworn statement as Exhibit K in support of my federal complaint against Kaiser Permanente.

Between February and May of 2025, I sent multiple legal documents via facsimile to Kaiser Permanente's legal department, using numbers that had previously been confirmed as valid for risk management or legal correspondence. These transmissions were sent with the express intent of notifying Kaiser of serious ethical and procedural violations, including altered electronic medical records, metadata inconsistencies, and apparent retaliatory conduct.

At the time of each fax to Kaiser Legal, I also sent a duplicate copy to Kaiser Member Services, as a good-faith backup. This was not done casually. It was a conscious effort to ensure that no one at Kaiser could later claim lack of notice, given their demonstrated pattern of disorganization, deflection, and silence throughout this ordeal. I acted diligently and responsibly to get the information into the hands of someone—anyone—at that institution who might choose to intervene appropriately.

I retain fax confirmation reports for every one of those transmissions, showing successful delivery to both destinations. The documents included in these transmissions outlined:

100

- Specific patient chart entries that were inconsistent with previous versions

- HL7/FHIR metadata anomalies and missing fields

- A preliminary outline of misconduct

- A request for correction and acknowledgment

- A preservation notice for all related digital materials

To this date, I have not received a single formal response from Kaiser Legal. Not a letter. Not a phone call. Not a single acknowledgment that my faxes were received, reviewed, or considered. Whether this is due to systemic dysfunction, internal rerouting, or willful disregard, I cannot say. But I can confirm that the documents were sent, received, and ignored.

This statement is submitted in good faith to affirm that I made multiple, documented attempts to resolve this matter—or at the very least notify them—before ever filing this complaint. If those communications were mishandled internally, I cannot be held responsible for the failures of an institution that claims to operate as a coordinated health system.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

Los Angeles, CA

June 20, 2025

101

**From:** **Phillip Bieber** philbieber78@gmail.com  🖇
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:57 AM
**To:** Bieber Notary Services LLC  phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-06-03 15:25:05.423
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

# FAX

Date: Jun 3, 2025

102

# FAX

Date: Jun 3, 2025

---

## From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

So I hate to ask you to do something... ethical. May I please have you fax that 1477 page medical file as I'll need it for discovery untampered. I have another copy to compare with... but you've been too cool for school long enough and now you're just an obstruction of the process. Fax is fine. Hopefully you're seeing the value in the settlement demand. It will cost Kaiser much much less because should I lose it will still have exposed you to fines you may not be expecting. Food for thought. I'm actually excited! This will be good.

103

**From:** Phillip Bieber philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 577-7079
**Date:** June 22, 2025 at 11:57 AM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 577-7079
- **Send DATE:** 2025-05-23 14:59:58.422
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

d24d6ff0-381e-11f0-bcf3-
07c16a87d952.pdf

Sent from my iPhone

104

# FAX

Date: May 23, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

Phillip Denton Bieber
Bieber Notary Services LLC
4627 Finley Avenue, Suite 101
Los Angeles, CA 90027
(213) 677-7610 | (323) 248-0350
phil@biebernotary.la | philbieber78@gmail.com

[Today's Date]

To Whom It May Concern,

I am seeking legal representation in connection with a series of ongoing civil rights violations, HIPAA breaches, and retaliatory conduct committed by Kaiser Permanente. I am an ADA-protected, SSDI-qualifying individual and have already initiated complaints with the California State Bar, Medical Board, and relevant federal entities.

At issue is the systemic concealment and manipulation of my medical file, which originally contained 1,477 pages and has since been redacted to fewer than 350. Critical psychiatric notes, care histories, and clinical directives have been deleted without lawful cause. I possess time-stamped versions showing these omissions. My requests for access—lawful under HIPAA and California Health & Safety Code § 123110—have been ignored or

105

obstructed since March 2025.

Further, I have evidence of digital intrusion into my home network during the period of my escalation attempts, which forced a hardware replacement and resulted in unsolicited alerts from my service provider (Eero). This coincided with in-person surveillance and withdrawal of necessary medications—including anticoagulants I've used safely for nearly 20 years.

My attempts to engage Kaiser have been met with silence, evasion, and escalation of their retaliatory behavior. The discrimination I've endured appears linked not just to disability but to my persistence in pursuing my rights.

I am pro se at present, but this is no longer sustainable. The evidentiary record is organized, notarized, and includes faxes, sworn declarations, supporting documentation, and agency communications. I am now seeking an attorney with civil rights, medical law, or elder abuse experience to help bring this case to arbitration, litigation, or federal oversight.

Please contact me if you are interested in reviewing the file or discussing representation. This is a serious and documented matter—what's at stake is more than compensation; it's systemic accountability.

Sincerely,
Phillip Denton Bieber

**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:58 AM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-23 14:42:48.242
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

**69e47330-37d0-11f0-bc64-153be8beb9e0.pdf**

Sent from my iPhone



# FAX

Date: May 23, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

RE: Ongoing Withholding and Tampering of Medical File / Notice of Escalation

To Whom It May Concern:

I am writing to formally document and escalate the ongoing failure of Kaiser Permanente to provide me with a complete and unaltered copy of my medical record. I have made repeated, lawful requests for this file, beginning as early as late March or early April of this year. It is now nearly the end of May. What I have been given is a drastically redacted version: the original file once contained 1,477 pages; it has now been reduced to fewer than 350.

This is not an administrative issue. I have concrete examples of clinical notes and entries—many related to psychiatric commentary, medication refusals, and legal risk assessments—that were previously visible and are now missing. The record has been substantively altered. There is no lawful justification for this delay or the omissions. It appears to be a cover-up, and I believe something was placed in those files that someone does not want exposed.

Further, I have strong evidence of network intrusion in my home during the time I began actively pursuing the complete file. The manufacturer of my router—Eero (model 6E Pro)—contacted me after detecting abnormalities,

108

and their team ultimately replaced my hardware free of charge, citing firmware corruption believed to have been caused by an external source. I have documented this entire exchange. The intrusion, timing, and simultaneous surveillance outside my residence have been reported and are now under technical review.

I am making these facts known to all appropriate legal and licensing authorities. I have reason to believe I still possess the original full medical file, although I cannot confirm that Kaiser itself does any longer. That alone is a profound concern.

This prolonged withholding violates not only HIPAA, but also California Health & Safety Code § 123110, and may further constitute retaliation or discrimination under state and federal ADA and Medicare protections.

Kaiser's continued refusal to communicate with me directly, despite my being a pro se litigant and a Medicare recipient, compounds the damage. The pattern of silence is not only obstructive—it is discriminatory.

This is now a matter of public, legal, and ethical concern. Unless resolved, this record will be read into complaint filings, licensing grievances, and federal disclosures as appropriate.

You may still respond to the settlement offer submitted, which remains open until May 30, 2025.

Respectfully,
Phillip Denton Bieber
Phone: (213) 677-7610 | (323) 248-0350
Email: phil@biebernotary.la | philbieber78@gmail.com
Fax: +1 (929) 542-1303

109

**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:58 AM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-23 05:21:12.805
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

6b5e2e40-3749-11f0-800f-
f94e40ef31ed.pdf
42 KB

Sent from my iPhone

# FAX

Date: May 23, 2025

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 5

Message:

Applicable after 8:00am Friday, May 23, 2025. Please accept this updated submission in continuation of my original settlement request.

I'm sincerely sorry (believe this or not) for asking for more than initially proposed. I had hoped this would be resolved quietly and quickly, but the continued lack of communication, the withholding of my medical file, and the emotional weight of this process have made it impossible to carry on without revisiting the terms.

This situation has become deeply unfair. And more than anything, I'm embarrassed—for all of us—that it has come to this.

I remain available to resolve this with dignity and finality. After struggling to sleep and reflecting deeply, I realize I initially tried to help the perpetrator by choosing a number that was far too conservative. Given my health and the circumstances your actions have created, this revised request is not only justified—it is the responsible thing to ask.
Respectfully,
Phillip Denton Bieber
(213) 677-7610
phil@biebernotary.la

Phillip Denton Bieber

Owner, Bieber Notary Services LLC

Notary Public | ADA-Protected Individual | SSDI Recipient

4627 Finley Avenue, Suite 101

Los Angeles, CA 90027

(213) 677-7610 | phil@biebernotary.la


Date: May 23, 2025


To: Legal Counsel – Kaiser Permanente

393 E. Walnut Street

Pasadena, CA 91188

Via Email & Certified Mail


Subject: Supplemental Addendum to Prior Settlement Proposal – Final Terms Before Arbitration Filing


This letter serves as a formal supplement and complete financial revision to my prior settlement proposals submitted May 21 and May 22, 2025. In light of continued non-response and failure to deliver my full, unaltered medical file by the 8:00 a.m. deadline today, I hereby submit my final revised settlement terms for resolution.

112

Clarification

This revised demand replaces all previous financial terms, while maintaining the original factual, medical, and legal assertions.

My earlier proposal was submitted conservatively and respectfully, with the hope of a cooperative, quiet resolution. I was ignored. As of today, I have still received no communication, no acknowledgement, and no relief. That silence itself now carries weight.

Final Revised Settlement Terms

1. Residential Property – $1.5 Million Value (Kaiser-Paid)

- I will select a home of my choosing, valued up to $1.5 million.

- Kaiser will be responsible for:

  - Purchase cost

  - Property taxes (indefinitely)

  - Realtor, escrow, and legal fees

  - Full ongoing property maintenance

- The home shall be owned solely by me, without any financial obligation, inspection, or involvement from Kaiser at any point.

113

2. Automobile Allowance – $60,000

- Kaiser will issue an automobile allowance of $60,000.
- I will select and purchase the vehicle independently.
- Kaiser will pay all insurance costs for five (5) years.

3. Cash Award – $500,000 (With All Costs Covered by Kaiser)

- I request a lump-sum cash settlement of $500,000.
- Kaiser will also pay:
  - All federal, state, and local taxes associated with this settlement
  - All legal and attorney fees
  - All relocation, moving, registration, title, or administrative costs
  - Any incidental or supplemental expenses arising from this agreement, now or later

4. Medical Record Mishandling – $1.5 Million

- Due to the ongoing tampering, fragmentation, and withholding of my protected health information, I request $1.5 million in compensatory damages.
- This figure reflects not only the factual denial of access, but the emotional, legal, and procedural injury created by these acts.
- Despite formal, notarized requests, I still do not have my complete record.

114

5. Lifetime Medical Coverage – Private, Non-Kaiser

- Kaiser will pay for 100% of my private, non-Kaiser medical care for life, including:

    ◦ Primary and specialist visits

    ◦ Labs, imaging, and diagnostics

    ◦ Hospitalizations

    ◦ Prescriptions

    ◦ Behavioral or psychiatric care

- 
- I will never be expected to file insurance or cover upfront costs. All billing shall be sent directly to and paid by Kaiser.

6. Permanent Non-Contact Provision – $1 Million Penalty per Incident

- Kaiser and any affiliates, staff, contractors, or third-party agents shall never contact me again, in any capacity.
- This includes: emails, phone calls, mail, digital messages, in-person attempts, or indirect contact.
- Any violation of this clause will result in an automatic $1,000,000 fine per incident, payable directly to me.
- A formal contract will be drafted and reviewed by legal counsel of my choosing, at Kaiser's expense.

115

Conclusion

This offer is final, complete, and submitted in good faith. I want this to end. I want my life back. And I want peace—not conflict. But peace requires accountability.

If no written agreement is received by May 30, 2025 at 5:00 PM PT, I will proceed immediately with:

- Arbitration filing
- Public exposure
- Regulatory escalation

This proposal is clear, measured, and humane. What happens next is entirely your choice.

Sincerely,

Phillip Denton Bieber

Bieber Notary Services LLC

phil@biebernotary.la | (213) 677-7610

116

**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:58 AM
**To:** Bieber Notary Services LLC  phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-22 13:14:53.102
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

3e6334a0-3747-11f0-800f-
f94e40ef31ed.pdf

Sent from my iPhone

117

# FAX

Date: May 22, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

---

Addendum – Final Statement Before Legal Action

Please be advised that my offer to resolve this matter informally is made solely in an effort to avoid immediate litigation. Based on the nature and scope of the misconduct involved—including violations of HIPAA, the mishandling of sensitive psychiatric records, and demonstrable bad faith—your organization may face liability in the hundreds of millions of dollars. This estimate reflects not only statutory damages and regulatory penalties but also the significant personal harm caused by your actions.

I encourage you to review your internal documentation and communication logs. You will find that I made every reasonable and respectful effort to resolve this situation amicably before reaching this point. Unfortunately, your ongoing indifference and procedural aggression have left me with no other choice. It's deeply disturbing that such conduct has become normalized by a healthcare provider that owes its members a duty of care.

Specific incidents include:
• A fabricated claim by one of your nurses of inappropriate sexualized commentary, allegedly made during a call to my number—a claim that is categorically false and unsupported by third-party-managed recordings.
• Repeated failure to acknowledge my reports of inappropriate behavior and irregular call conduct.

---

118

- Mr. Weizenbach's improper attempt to subject me to psychiatric confinement instead of fulfilling his mandatory reporting obligations.
- The disappearance or destruction of my medical file—likely due to incriminating content known to your staff.

Whether these actions were driven by negligence or intent, the legal implications are serious. I want to make it clear that the amount I previously stated as part of a potential settlement is the minimum acceptable figure. That amount reflects not only restitution but also the opportunity for me to begin a new life—something your actions have effectively made necessary.

I live by the principle that if I've contributed to a problem, I have a responsibility to correct it. The same standard should apply to you. You succeeded in making my life in this location unlivable—your tactics worked. Now it's your obligation to repair the damage you've done. A house, a car, and some financial means would allow me to move forward and rebuild.

I await your response—today—with a good-faith offer. This is your last opportunity to resolve this matter informally. After that, I will proceed with all legal remedies available to me without further notice.

Sincerely,
Phillip Bieber
Former Member ID: 00005863693

119

**From:** **Phillip Bieber** philbieber78@gmail.com  
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:59 AM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-22 10:25:43.867
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!


9b972260-372b-11f0-81da-
6f2fde46c27c.pdf


Sent from my iPhone

120

# FAX

Date: May 22, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 5

Message:

Message:
More discovery materials have been submitted to counsel. I continue to conduct my own paralegal work and documentation in full compliance with arbitration procedures. You are welcome to contact me directly if needed to clarify or confirm receipt.

Please note: My previous request to not be contacted by Kaiser applies only to departments and individuals who have engaged in direct harassment or retaliation. That restriction does not apply to legal counsel or departments from whom I am actively requesting responses, documentation, or resolution.

121

May 22, 2025

Phillip Denton Bieber

Owner, Bieber Notary Services LLC

Notary Public | ADA-Qualified Individual | SSDI Recipient (since 2014)

4627 Finley Avenue, Suite 101

Los Angeles, CA 90027

Phone: (213) 677-7610

Fax: +1 (929) 542-1303

Email: phil@biebernotary.la / philbieber78@gmail.com


May 22, 2025


VIA EMAIL & CERTIFIED MAIL

To: Legal Counsel – Kaiser Permanente

393 E. Walnut Street

Pasadena, CA 91188

KP-AP-ACH@kp.org | KP-AP-Invoice@kp.org


**RE: Formal Arbitration Demand and Notice of Continued Medical, Legal, and Ethical Violations**

Privileged Settlement Communication – California Evidence Code § 1152 / FRE 408


To Kaiser Legal,

122

This letter constitutes a formal demand for settlement prior to binding arbitration, based on a documented and escalating pattern of medical negligence, administrative obstruction, retaliatory behavior, and violation of basic patient protections by Kaiser Permanente and its agents.

Over a span of years, culminating in total care collapse between 2023 and 2025, I have been denied basic access to medically necessary treatment, misclassified clinically, overmedicated against best practices, routed through compromised provider relationships, and systemically destabilized by a care model that ignored warnings, evidence, and humanity.

**Key Claims and Timeline Summary**

1. Coumadin Denial & Bureaucratic Obstruction
   I was denied Coumadin—a life-sustaining anticoagulant I had taken for nearly two decades—on the basis of a policy loop requiring a PCP appointment, lab referral, INR test result, and reauthorization. That chain of events was repeatedly blocked by system failures, inconsistent messaging, or refusal to schedule. I was left untreated for over two months.

2. Ignored Bridging Option (Lovenox)
   Despite knowing Lovenox is a medically appropriate bridge drug that requires no INR monitoring, it was never offered. Kaiser had a clear and available option to protect my health and failed to act.

3. Medication Protest & Clonazepam Mismanagement
   I voluntarily stopped Coumadin as part of a formal protest against overmedication and improper psychiatric prescriptions. I requested a return to a prior, effective formulary and provided a 30-page clinical packet opposing the use of Clonazepam in patients with alcohol dependency. I further proposed safe administration by Jeff Miller, PhD—my legal caretaker—three times daily. This was ignored.

4. Malpractice Conflict Ignored
   I was referred to a psychiatrist against whom I had an open malpractice claim. I flagged this conflict. Kaiser returned me to the same provider after refusal, then back again, disregarding ethics, safety, and trust.

5. Emergency Plan Switch via Medicare
   I was ultimately forced to switch plans via Medicare in an emergency action, just to resume basic anticoagulant care and stabilize my health.

**Damages Summary and Relief Requested**

Based on the above, and as supported by submitted documentation and public record, I am demanding a global settlement in the amount of $1,255,850.28, including:

- Residential Property up to $910,000, titled in my name or held via protected life estate with TOD

- Vehicle valued up to $45,000

- Lump-sum Cash Payment of $300,000

- Non-Monetary Relief: Record corrections, redactions of unsupported psychiatric notes, and a permanent end to contact or data sharing from Kaiser

124

**Bar Association Involvement**

As of May 21, 2025, I have received formal letters from the State Bar of California indicating active complaints were reviewed and entered under:

- 25-0-18461 – John Michio Yamamoto
- 25-0-18462 – Danielle Elizabeth Giovinco

These matters are open and pending. Your firm has now entered regulatory scrutiny for your handling of this case.

**Deadline to Respond**

If I do not receive a written settlement response by 5:00 p.m. PT on May 30, 2025, I will initiate:

- Binding arbitration via the Office of the Independent Administrator (OIA)
- Regulatory complaints with the DMHC, Medical Board of California, HHS OCR, and all relevant oversight bodies
- Public documentation of this entire timeline via protected legal and advocacy channels

125

This is not an opportunity for delay. This is a final offer to resolve what your institution broke.

Respectfully,

Phillip Denton Bieber

Bieber Notary Services LLC

phi@biebernotary.la

(213) 677-7610

126



**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:59 AM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-21 20:29:51.874
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

**1c7a5990-36bb-11f0-ac1b-
df7a0b8dd46b.pdf**

Sent from my iPhone

127

# FAX

Date: May 21, 2025

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 4

Message:

To Whom It May Concern,

Please excuse the unorthodox format—I'm quite ill, and the legal and paralegal burden of documenting this matter has taken a significant toll. I've had this reviewed through legal software and discussed at length with my own counsel. Based on our review, your client is responsible for documented abuse and over 185 days of lost wages, as well as the complete collapse of my professional and personal life.

I've lived through your system's negligence and hostility. Since you took my life apart, I'm asking you now—go buy me a new one. I'm not being rhetorical. This is grounded in actual economic, medical, and reputational loss.

I understand this demand may be higher than what you're used to seeing. Please do not misplace frustration about the financial state of your organization onto me—I had nothing to do with the fiscal health of your union or your system. My ask reflects what's necessary for total restoration, including housing at a fair market value. That burden lies with your leadership—not with me.

This entire process has been dirty, painful, and spiritually devastating. I am desperate to take a cleansing breath and move forward far from this environment.

128



**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 12:11 PM
**To:** Bieber Notary Services LLC phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-21 20:16:12.456
- **STATUS:** Delivered

Thank you for choosing FAXER to share your documents!

**bd6084c0-35d9-11f0-811b-15227172a38c.pdf**

Sent from my iPhone

129

# FAX

Date: May 21, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 4

Message:

---

CONFIDENTIAL – This transmission contains privileged and confidential information intended only for the use of the recipient(s) named above. If you have received this in error, please notify the sender immediately and destroy the material.

Message:
Please see the attached final settlement demand and invoice in connection with ongoing legal and medical misconduct. Response deadline: May 30, 2025 at 5:00 PM PT.

Respectfully,
Phillip Denton Bieber
Bieber Notary Services LLC
phi@biebernotary.la
(323) 248-0350

130

**Final Settlement Demand – Bieber v. Kaiser Permanente**

Privileged Communication – California Evidence Code § 1152 / FRE 408

May 21, 2025

Phillip Denton Bieber

Bieber Notary Services LLC

4627 Finley Avenue, Suite 101

Los Angeles, CA 90027

(323) 248-0350

phi@biebernotary.la

VIA EMAIL & CERTIFIED MAIL

To: Legal Counsel – Kaiser Permanente

4900 West Sunset Boulevard, 3rd Floor

Los Angeles, CA 90027

KP-AP-ACH@kp.org | KP-AP-Invoice@kp.org

RE: Final Demand for Global Settlement – Bieber v. Kaiser Permanente

This letter is issued as a formal and final global settlement demand in response to over seven years of documented, escalating harm caused by your institution and its agents—beginning with Dr. Patterson and culminating in the total loss of my health, stability, reputation, and community.

The documented misconduct includes:

131

- Repeated misdiagnoses, including psychiatric labeling without clinical or evidentiary basis

- Denial of critical anticoagulant therapy (Lovenox) for over two months despite medical necessity

- Falsification of medical scoring—specifically, an entry that should have read "1 or 0" but was recorded as "1 0"

- Internal notes used to degrade my credibility across departments, resulting in biased care

- Disruption of my AA support system by Kaiser-connected individuals, permanently severing safe community access

- Forced abandonment of my business, professional life, and home due to Kaiser's network saturation and internal reputational sabotage

I have spoken publicly to protect myself and I will not retract that. However, I am willing to resolve this matter privately and permanently, provided the terms below are met in full.

Itemized Financial Harms (Invoice #BK-052125-FINAL):

1. Diagnostic Misconduct (4 instances) – $47,175.00

2. Documented Abuse (17 events) – $53,231.25

3. Data Tampering / Record Falsification – $128,250.00

4. Delayed Response & Obstruction – $100,200.00

5. Lost Wages (185 hours) – $32,751.69

6. 15% Harm Penalty – $54,241.34
   Subtotal Damages: $415,850.28

132

Global Settlement Terms (Final Offer):

1. Residential Property:

   - Home of my choosing in Northern California up to $910,000

   - Titled in my name or protected life estate with transfer on death to my named beneficiary

   - All associated taxes, insurance, and maintenance funded by Kaiser

2. Vehicle:

   - Reliable new vehicle up to $45,000

   - Fully insured and titled in my name

3. Cash Settlement:

   - Lump-sum payment of $300,000

4. Non-Monetary Terms:

   - Correction and/or removal of unsupported psychiatric claims and falsified scoring entries

   - Full audit of all clinical notes dating back to Dr. Patterson

   - Immediate redaction of defamatory or hostile language within my record

   - No future contact, marketing, or referrals

   - Optional mutual non-disparagement

Total Resolution Value: $1,255,850.28

133

Deadline:

This offer must be accepted in writing by 5:00 p.m. PT on Friday, May 30, 2025. Failure to respond will result in:

- Filing for binding arbitration
- Submissions to DMHC, the Medical Board of California, OCR (HHS), and additional regulatory entities
- Public release of documentation and narrative via protected legal and press channels

You have left me without care, without a home, without a community. You do not get to walk away from that unaccountable. This is your final opportunity to make it right.

134

Additionally, I must again raise the issue of the "1 0" entry in the medical record. It is not clinically sound, and it undercuts your entire defense, which seemed to rest on an allergic suicide-risk metric. If the correct value was "0 or 1" and not "1 0", the clinical decision-making was corrupted at the source. I've already printed and photographed the record and can reproduce those pages.

However, I am also requesting that you produce the full and unaltered record, including the complete notes section and metadata, so we can establish who entered what, and when. That's basic accountability.

This is your opportunity (and who doesn't love an opportunity) to resolve this while you still have a seat at the table.

Sincerely,
Phillip Denton Bieber

135

**Final Settlement Demand – Bieber v. Kaiser Permanente**

Privileged Communication – California Evidence Code § 1152 / FRE 408

May 21, 2025

Phillip Denton Bieber

Bieber Notary Services LLC

4627 Finley Avenue, Suite 101

Los Angeles, CA 90027

(323) 248-0350

phi@biebernotary.la

VIA EMAIL & CERTIFIED MAIL

To: Legal Counsel – Kaiser Permanente

4900 West Sunset Boulevard, 3rd Floor

Los Angeles, CA 90027

KP-AP-ACH@kp.org | KP-AP-Invoice@kp.org

RE: Final Demand for Global Settlement – Bieber v. Kaiser Permanente

This letter is issued as a formal and final global settlement demand in response to over seven years of documented, escalating harm caused by your institution and its agents—beginning with Dr. Patterson and culminating in the total loss of my health, stability, reputation, and community.

The documented misconduct includes:

136

- Repeated misdiagnoses, including psychiatric labeling without clinical or evidentiary basis

- Denial of critical anticoagulant therapy (Lovenox) for over two months despite medical necessity

- Falsification of medical scoring—specifically, an entry that should have read "1 or 0" but was recorded as "1 0"

- Internal notes used to degrade my credibility across departments, resulting in biased care

- Disruption of my AA support system by Kaiser-connected individuals, permanently severing safe community access

- Forced abandonment of my business, professional life, and home due to Kaiser's network saturation and internal reputational sabotage

I have spoken publicly to protect myself and I will not retract that. However, I am willing to resolve this matter privately and permanently, provided the terms below are met in full.

Itemized Financial Harms (Invoice #BK-052125-FINAL):

1. Diagnostic Misconduct (4 instances) – $47,175.00

2. Documented Abuse (17 events) – $53,231.25

3. Data Tampering / Record Falsification – $128,250.00

4. Delayed Response & Obstruction – $100,200.00

5. Lost Wages (185 days) – $32,751.69

6. 15% Harm Penalty – $54,241.34
   Subtotal Damages: $415,850.28

Global Settlement Terms (Final Offer):

1. Residential Property:

   ○ Home of my choosing in Northern California up to $910,000

   ○ Titled in my name or protected life estate with transfer on death to my named beneficiary

   ○ All associated taxes, insurance, and maintenance funded by Kaiser

2. Vehicle:

   ○ Reliable new vehicle up to $45,000

   ○ Fully insured and titled in my name

3. Cash Settlement:

   ○ Lump-sum payment of $300,000

4. Non-Monetary Terms:

   ○ Correction and/or removal of unsupported psychiatric claims and falsified scoring entries

   ○ Full audit of all clinical notes dating back to Dr. Patterson

   ○ Immediate redaction of defamatory or hostile language within my record

   ○ No future contact, marketing, or referrals

   ○ Optional mutual non-disparagement

Total Resolution Value: $1,255,850.28

138

Deadline:

This offer must be accepted in writing by 5:00 p.m. PT on Friday, May 30, 2025. Failure to respond will result in:

- Filing for binding arbitration

- Submissions to DMHC, the Medical Board of California, OCR (HHS), and additional regulatory entities

- Public release of documentation and narrative via protected legal and press channels

You have left me without care, without a home, without a community. You do not get to walk away from that unaccountable. This is your final opportunity to make it right.

139

**From:** **Phillip Bieber** philbieber78@gmail.com 
**Subject:** Fax sent to (+1) (626) 628-3789
**Date:** June 22, 2025 at 11:59 AM
**To:** Bieber Notary Services LLC  phil@biebernotary.la

Hello,
Your fax has been successful!

- **Fax sent TO:** (+1) (626) 628-3789
- **Send DATE:** 2025-05-22 09:40:32.577
- **STATUS:** Delivered


Thank you for choosing FAXER to share your documents!


9aacf370-36bd-11f0-8457-
215dec07e03a.pdf


Sent from my iPhone

140

# FAX

Date: May 22, 2025

---

# From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

> Subject: Formal Notification – Active State Bar Investigations
>
> Dear Counsel,
>
> As of May 21, 2025, I have received confirmation from the State Bar of California's Office of Chief Trial Counsel that formal complaints have been reviewed and accepted for initial intake concerning your legal representatives in this matter:
> • Case No. 25-O-18461 – John Michio Yamamoto
> • Case No. 25-O-18462 – Danielle Elizabeth Giovinco
>
> These complaints are active and under review. I will continue to cooperate fully with the State Bar during this process and will provide any additional documentation as requested.
>
> Please be advised that this development further underscores the gravity of the underlying matter, and the urgency of a good-faith settlement response from your office within the deadline previously stated.
>
> Sincerely,
> Phillip Denton Bieber

141

# FAX

Date: May 22, 2025

## From:

Number: 2136777610

Sender name: Phillip D Bieber

Pages: 0

Message:

Subject: Formal Notification – Active State Bar Investigations

Dear Counsel,

As of May 21, 2025, I have received confirmation from the State Bar of California's Office of Chief Trial Counsel that formal complaints have been reviewed and accepted for initial intake concerning your legal representatives in this matter:
- Case No. 25-O-18461 – John Michio Yamamoto
- Case No. 25-O-18462 – Danielle Elizabeth Giovinco

These complaints are active and under review. I will continue to cooperate fully with the State Bar during this process and will provide any additional documentation as requested.

Please be advised that this development further underscores the gravity of the underlying matter, and the urgency of a good-faith settlement response from your office within the deadline previously stated.

Sincerely,
Phillip Denton Bieber

142

**EXHIBIT L**

Placeholder Statement of Phillip Denton Bieber

Subject: Timeline of Altered, Falsified, or Improper Medical Record Entries (To Be Submitted Upon Full Disclosure)

I, Phillip Denton Bieber, submit this placeholder declaration for Exhibit L in support of my civil rights complaint against Kaiser Permanente.

At the time of this filing, I have already identified multiple medical record entries that appear to be falsified, self-authenticated, retroactively generated, or otherwise misleading in nature. These include notations of telephone calls that never occurred, risk assessments logged without any contact, and entries that contradict contemporaneous communications or messages sent by me through the Kaiser member portal.

I have begun constructing a detailed timeline of these discrepancies, matching each entry against actual events, appointment records, and communication logs available to me. However, due to Kaiser's continued refusal to release a full, unredacted version of my medical file—including audit trails, version history, and internal metadata—I cannot yet submit the complete and final version of this timeline.

I am respectfully reserving Exhibit L for this purpose.

Once I have received the full file via injunction, court order, or lawful discovery process, I will update and submit Exhibit L to reflect the entire known history of alterations, omissions, and

143

backdated entries. I consider this timeline to be central to the case and ask the Court to note that it is being developed in good faith using all currently available evidence.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

June 20, 2025

Los Angeles, CA

144



**EXHIBIT M**

Sworn Statement of Phillip Denton Bieber

Subject: Retaliatory and Fictitious Psychiatric Classifications and Risk Notations by Kaiser Permanente

I, Phillip Denton Bieber, submit this sworn declaration as Exhibit M in support of my federal civil rights complaint against Kaiser Permanente.

As shown in the supporting medical records, Kaiser Permanente repeatedly used psychiatric and behavioral health codes, notations, and characterizations to discredit and suppress my legitimate medical grievances. These actions appear coordinated and retaliatory, often lacking any direct patient contact, diagnosis, or lawful justification.

Below are documented instances where such discrediting, fabricated, or retaliatory chart entries were made:

146

**1. April 7, 2025 – Kayth Vela, LCSW**

- Claim entered: That I made "threatening" remarks regarding murder and prescriptions.

- Reality: My actual statement was legal in nature and referred to feeling like I was the target of harm by neglect, not that I would commit harm.

- No call or session occurred.

- Relevance: False psychiatric framing designed to escalate scrutiny and justify subsequent law enforcement contact. No assessment, no due process.

**2. April 12, 2025 – Roy Dror, LMFT**

- Action taken: Entered behavioral health note without any contact with me whatsoever.

- Effect: Note appears to have contributed to the dispatch of law enforcement to my residence.

- No mental health diagnosis or physician order was attached.

- Relevance: Abuse of EHR system to falsely tag patient as psychiatric risk.

**3. April 14, 2025 – Dr. Le Tran Notarfrancesco**

- Entry filed under: "Patient Email MH/BH"

- False implication: That I requested psychiatric follow-up or transfer.

- Reality: I had specifically rejected further contact with assigned psychiatrist.

- Relevance: Documentation fraud. Entry implies consent and self-initiation where none occurred.

**4. April 23, 2025 – Dr. Matthew Welzenbach**

- Entry suggests: I should be considered for involuntary psychiatric hold or inpatient psych care.

- Reality: I had submitted reports of misconduct; no clinical evaluation or contact with me took place.

- Language was speculative, not clinical.

- Relevance: Use of psychiatric framing to suppress patient complaint rather than address its content.

148

**5. March 12, 2025 – Faith Ramirez, LCSW**

- Claim made: That I had "aggressive behavior" and required reassignment.

- Filed under: LOINC mental health behavioral codes without medical review.

- No appointment or behavioral documentation substantiated the claim.

- Relevance: Use of mental health tagging to isolate, dismiss, and silence my care requests.

**6. April 2, 2025 – Crystal Moore**

- Claim made: That I used explicit sexual language during a phone call ("jacking off to you, you sexy little…").

- Reality: This statement is a fabrication. I have retained audio of the actual conversation.

- Relevance: Defamation and chart fraud. Deliberate attempt to label me as inappropriate or unstable.

These entries, taken together, establish a disturbing pattern: Kaiser Permanente weaponized behavioral health charting as a reputational control tactic once I began asserting my rights and questioning their internal actions. These were not isolated clinical notes—they were strategically inserted, often self-authenticated, and frequently filed under psychiatric categories without patient contact.

I am in active, long-term recovery. I understand what real psychiatric instability looks like. What Kaiser did here was not care. It was containment. It was retaliation. It was misclassification designed to protect themselves.

This pattern has caused lasting harm, reputationally and emotionally. I present these records not just to support my complaint, but to show what can happen when administrative power is used to override truth.

Respectfully submitted,

/s/ Phillip Denton Bieber

Phillip Denton Bieber

June 20, 2025

Los Angeles, CA

150



151



152

**EXHIBIT N**

Sworn Statement of Phillip Denton Bieber

Subject: Unexplained Reduction and Disappearance of Medical Record Content Across Systems

I, Phillip Denton Bieber, submit this sworn declaration as Exhibit N in support of my federal complaint.

Throughout the course of this conflict, I accessed and reviewed multiple versions of my Kaiser Permanente medical record through various platforms, including the Apple Health app, PDF downloads, and direct record requests via Kaiser's member portal.

At one point—visible in a screenshot dated around April 2025—my Apple Health export showed 1,441 pages. I distinctly recall it exceeding 1,470 pages at an earlier moment. That version included dozens of entries, notes, and document headers that were later absent.

By June 2025, the same system showed exports of 379 pages, and in some cases, as few as 249 pages, depending on the version or device I accessed. No notice of redaction, version control, or systematic update was provided.

This reduction of more than 1,000 pages cannot be explained by formatting shifts between Acrobat and Apple Health. I believe that entries have been removed, edited, or hidden, especially following my grievance activity.

153